ROSE MFG. CO. v. E. A. WHITEHOUSE MFG. CO. et al.

(District Court, D. New Jersey. January 6, 1913.)

1. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—LAMP BRACKET.
   The Rosenbluth patent, No. 883,973, for a lamp bracket, designed for use on automobiles or other vehicles, comprising a base by which it may be attached to the vehicle and two arms, one of which carries a number plate or license panel and the other a lamp by which the plate may be illuminated, is as to claims 7, 8, and 10 void for lack of invention in view of the prior art; also *held* not infringed, if conceded validity.

2. PATENTS (§ 328*)—VALIDITY AND INVENTION—LAMP BRACKET.
   The Hughes patent, No. 962,220, for a lamp bracket for vehicles, *held* as to claims 5 and 6 void for lack of invention, in view of the prior art.

3. PATENTS (§ 28*)—DESIGNS—VALIDITY.
   It is essential to the validity of a design patent that it should disclose invention, and also, under Rev. St. § 4929 (U. S. Comp. St. 1901, p. 3398), as amended by Act May 9, 1902, c. 783, 32 Stat. 193 (U. S. Comp. St. Supp. 1911, p. 1457), that the design be ornamental as well as new and original.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 33; Dec. Dig. § 28.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. Patents (§ 328\*)—Validity—Designs for Vehicle Number Plate Supports.**

> The Rosenbluth design patents, No. 41,388 and No. 41,389, for designs for vehicle number plate supports, are void, for the reason that the articles shown are mechanical and functional, and not ornamental.

In Equity. Suit by the Rose Manufacturing Company against the E. A. Whitehouse Manufacturing Company and the Le Compte Manufacturing Company. On final hearing. Decree for defendants.

See, also, 193 Fed. 69.

Francis C. Lowthorp, of Trenton, N. J. (Arthur E. Paige, of Philadelphia, Pa., of counsel), for complainant.

Besson, Alexander & Stevens, of Hoboken, N. J. (T. Hart Anderson, of Boston, Mass., and Charles A. Munn, of New York City, of counsel), for defendants.

CROSS, District Judge. [1] There are four patents involved in this suit, two of which are mechanical patents and two design patents. The bill of complaint alleges that they are all owned by the complainant, and have all been infringed by the defendants. The defendants, not only deny this, but deny their validity. The mechanical patents are Nos. 883,973 issued April 7, 1908, to one E. M. Rosenbluth, for a lamp bracket; and No. 962,220 issued June 21, 1910, to one W. B. Hughes, for a number plate support for vehicles. The design patents were both issued to E. M. Rosenbluth May 16, 1911, for vehicle number plate supports, and are numbered, respectively, 41,388 and 41,389. The mechanical patents in suit will be briefly considered in the order above named, and the design patents together. Patent No. 883,973 contains 13 claims, 3 of which, 7, 8, and 10, only are involved. They read as follows:

> "7. In a lamp bracket, the combination with a plate provided with an arm arranged to detachably support a lamp, and an arm arranged to detachably support a license panel, co-operatively connected so that said panel is illuminated by said lamp; of flexible means arranged to pivotally secure said panel to said bracket, substantially as set forth.
> "8. In a lamp bracket, the combination with a base plate, of a vertical pivotal support, and a horizontal pivotal support, carried by said base plate; a lamp detachably secured to said vertical support; and a license panel detachably secured to said horizontal support, substantially as set forth."
> "10. In a lamp bracket, the combination with a base plate provided with an arm arranged to adjustably support a lamp, and an arm arranged to adjustably support a license panel, co-operatively connected so that said panel is illuminated by said lamp; of flexible means arranged to secure said panel to said bracket, substantially as set forth."

The general object of the invention is stated by the patentee in the following language:

> "In the form of my invention hereinafter described the bracket comprises a base plate which is arranged to be conveniently attached to a vehicle body and has two arms in unitary relation. One of said arms is arranged to detachably hold the lamp, and the other arm carries an adjustable rod from which the license panel is detachably suspended and a spring clip arranged

to engage the free lower portion of said panel whereby it is prevented from swinging."

In behalf of the defendants, it is strenuously argued that this patent is invalid for various reasons, but especially in view of the prior art. It is quite apparent that, if it discloses invention, it is of a low order. Briefly stated, the device consists of a bracket, comprising a base, by which it may be affixed to an automobile or other vehicle, and two arms, one of which carries a number plate or sign and the other a lamp whereby the plate or sign may be illuminated when desired. These arms are made relatively adjustable with each other. There would apparently be no more invention in attaching to an automobile body a bracket having an arm for carrying a number sign than there would be in attaching a bracket to a tree or post in front of a hotel or store, having an arm to which was attached a swinging signboard; nor would the problem of illuminating such sign involve invention, since its solution would merely require the attachment of another standard for carrying a lamp sufficiently in advance of the sign to illumine its face. It is hard to understand why a problem of that character should have proved knotty, if it did, in the first instance; but, however that may have been, all difficulty was resolved, when Rosenbluth undertook its solution, by the teachings of the prior art which showed similar devices of various kinds. For instance, a bracket attached to a bed, one arm of which carried a table and the other a lamp which illuminated the table; and another, also a bracket having two arms, one of which carried a bookrack and the other a lamp which illuminated it. The art also showed various other devices whereby different articles, including signboards and numbers, were illuminated by lamps affixed to adjustable brackets. It is not deemed necessary to review the art in detail. As above stated, the idea embodied in the patent under consideration, taken by itself, is of the simplest character and of questionable patentability, but when in addition to that fact the prior art, in analogous matters, is considered, it becomes manifest that the attempt further to dilute this simple idea, and then protect it by means of a patent, should not be fostered. Rosenbluth, giving him the utmost credit to which he is entitled, merely took what was simple and old and commonplace in analogous arts, and applied it to a new use. Everything that he did had already been done in substantially the same way, although the device had not been applied to an automobile.

But, aside from what has just been said, and admitting the validity of the patent, the defendants have not infringed the claims in issue. Those claims, in view of the extreme simplicity of the structure and the revelations of the prior art, in order to be upheld, would have to receive a strict construction, and, so construed, could not be held to embrace either the article which the complainant itself is manufacturing and placing upon the market ostensibly under its patent, or the alleged infringing devices of the defendants, which, although they may be duplicates of the articles manufactur-

ed by the complainant, nevertheless do not trench upon the device described and embraced in the specification and claims of the patent under consideration.

[2] The patent to Hughes, claims 5 and 6 of which are in controversy, shows no patentable advance upon Rosenbluth, hence, whether that patent were valid or invalid, the one to Hughes could not be upheld. Rosenbluth's patent of itself would defeat it. Claim 5 reads as follows:

"5. A device of the character set forth comprising a base having at one end a lamp support and having at its opposite end a horizontal socket, said socket being provided at the end adjacent to the lamp support with a stop, a rod for said socket, and clamping means carried by said socket."

That claim is so fairly illustrative of claim 6 as not to require the reproduction of the latter. The only advance, if it be an advance, called for by those claims over those of the Rosenbluth patent, as substantially admitted by complainant's expert, lies in the fact that the horizontal socket therein referred to is provided at the end adjacent to the lamp support with a stop. The usefulness of this stop is not clearly apparent, but granting it that quality, its insertion did not involve invention. Stops of so many varieties are in such common use in mechanics that, once the propriety or necessity of having one in any given piece of mechanism were established, any person skilled in the art could readily introduce it, and its introduction would not constitute an inventive act.

[3, 4] The design patents are both invalid. The statute (Rev. St. § 4929 [U. S. Comp. St. 1901, p. 3398], as amended by Act May 9, 1902, c. 783, 32 Stat. 193 [U. S. Comp. St. Supp. 1911, p. 1457]), authorizes the issue of such a patent under certain conditions to "any person who has invented any new, original and ornamental design for an article of manufacture." Hence, it appears that a valid design patent demands, as has uniformly been held, an exercise of the inventive faculty the same as a mechanical patent. The design, however, thus invented must be not only new and original, but ornamental. It must exhibit something which appeals to the æsthetic faculty of the observer. Rowe v. Blodgett & Clapp Co., 112 Fed. 61, 50 C. C. A. 120; Williams Calk Co. v. Kemmerer, 145 Fed. 928, 76 C. C. A. 466. A valid design patent does not necessarily result from photographing a manufactured article and filing a reproduction of such photograph properly certified in the patent office. The designs of the design patents in suit are for the most part alike. No. 41,389 differs, however, from No. 41,388 in having braces which unquestionably strengthen the arm, to which the number plate is attached. It is not only apparent that this is their function, but it is also established to be such by the evidence. Indeed, every feature of these patents is mechanical and functional, and not ornamental. Even ordinary rivet heads are made to appear as beautiful circles in this scheme of ornamentation. If, moreover, the braces or supports of patent No. 41,389 were intended for ornamentation, they apparently failed in their mission, but, if otherwise, then every piece of mechanism can, with the aid of photogra-

201 F.—59

phy and the machinery of the Patent Office, be readily crystallized into a design patent. In the foregoing discussion no reference has been made to the fact that the manufactured article sought to be protected by the design patents in suit is, when in use, for the most part concealed, while such portions as are exposed are subject to at least partial obscuration by dust or mud, as the case may be.

The bill of complaint will be dismissed, with costs.