### ROSE MFG. CO. v. COX BRASS MFG. CO.

(District Court, S. D. New York. January 21, 1913.)

PATENTS (§ 328*)—INFRINGEMENT—LAMP BRACKET.

The Rosenbluth patent, No. 883,973, for a lamp bracket for use on automobiles, having arms to support a license panel and a lamp for illuminating the same, conceding that it discloses invention, must be strictly construed in view of prior devices of similar nature and limited to the precise construction shown. As so construed, *held* not infringed.

In Equity. Suit by the Rose Manufacturing Company against the Cox Brass Manufacturing Company. On final hearing. Decree for defendant.

John D. Morgan, of New York City, N. Y. (Cyrus N. Anderson, of Philadelphia, Pa., of counsel), for complainant.

Charles A. Munn, of New York City, N. Y. (T. Hart Andersen, of Boston, Mass., of counsel), for defendant.

HAZEL, District Judge. The patent in suit, No. 883,973, granted to Edwin M. Rosenbluth on the 7th day of April, 1908, relates to an improvement in lamp brackets, and the claims in controversy are the seventh, eighth, and tenth. It will suffice to set forth claim 7.

"7. In a lamp bracket, the combination with a plate provided with an arm arranged to detachably support a lamp, and an arm arranged to detachably support a license panel, co-operatively connected so that said panel is illuminated by said lamp; of flexible means arranged to pivotally secure said panel to said bracket, substantially as set forth."

Claim 8 specifies a horizontal pivotal support, while claim 10 describes the flexible means for securing the panel to the lamp bracket somewhat differently from claim 7. The defenses are noninfringement and lack of patentable novelty.

Upon reading the claims, it will be observed that a license number plate is included in the construction of complainant's lamp bracket; the combined structures when in use being suitably mounted upon the body of an automobile. The drawings and specification show that the lamp is supported on a shaft integral with the arm of the bracket in such a way as to enable turning the lamp angularly and securing it in the desired position, while the license panel is supported by a rod at the upper end of the bracket, and held by two straps buckled to the supporting rod at opposite ends. The straps are prevented from slid-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing off the rod by a knob at the outer end, and the panel, when suspended, is held stationary by a spring clip which engages the lower edge thereof.

Subsequent to the issuance of the Rosenbluth patent, the construction described in the specification was modified, and means were provided for clamping the lamp bracket to the vehicle. The patentee abandoned the specific strap and spring clip arrangement for holding the panel in position, and substituted an arrangement not unlike the defendant's but he claims to have been a pioneer, and that his patent is entitled to a broad construction which will include the defendant's lamp bracket. The proofs, however, show that he did not originate constructions of this description, as similar lamp brackets were very old, and had theretofore been commonly used in diverse ways. For instance, brackets supporting a lamp close to an article to enable the rays thereof to illuminate such article are shown in the patent to Brule, No. 519,301, to Stokes, No. 252,908, to Lemon, No. 325,845, to Harris & Clark, No. 270,791, to Milliken, No. 521,961, and to Spillinger, No. 321,545.

In the patent to Hoffman, No. 435,696, is shown a detachable sign for advertising purposes which is suspended from an arm in such a way as to permit it to swing. Such swinging arrangement of the lamp on a bracket is thought to correspond to the pivotal support of the claims in suit. That the devices described in the earlier patents were used for different purposes is immaterial. Although the patentee seems to have been the first to employ a combination of a lamp bracket and number plate as an automobile accessory, still it is doubtful whether such combination required the exercise of the inventive faculty in view of the use to which lamps and lamp brackets had previously been put in illuminating signs or other articles placed in close proximity thereto. The only perceivable novel feature is the particular method by which the number plate was suspended from the arm and secured to the lamp bracket. There is no patentably different operation or result achieved by complainant's device, and it has many times been held that it is not invention to use old means for accomplishing the same end. But, assuming invention, the patent is entitled to only a strict construction of the claims in controversy; that is, a construction limiting it to the precise means adopted and the arrangement disclosed. The claims cannot be broadened to include the defendant's device, although such device is used for the same purpose and in the same way.

The defendant's lamp bracket is quite different from complainant's, in that there are no flexible means—i. e., strap and buckle arrangement —to pivot or secure the license panel to the bracket; said panel being secured to the arm of the bracket by bolts and screws without pivotal support. It is true that bolts with split washers which impart a slight resiliency are used by defendant, but they are used to prevent injuring the enamel on the panels, and not to swing or secure the panel. Such split washers are not the equivalent of the flexible means of the patent in suit. A similar conclusion on the patent in suit was reached by Judge Cross in the case of Rose Mfg. Co. v. Whitehouse

Mfg. Co. et al., 201 Fed. 926, but it may be stated that my conclusion that the defendant's lamp bracket does not infringe the claims in suit was reached before my attention was called to said decision.

The bill is dismissed, with costs.