## Marion Electric Light & Ice Company v. Rochester.

(Decided October 11, 1912.)

### Appeal from Crittenden Circuit Court.

1.  Corporations—Compliance With Franchise—Action to Compel.— A mandamus cannot be awarded against a private corporation to compel it to comply with its franchise, but it may be compelled to do so by a mandatory injunction.
2.  Corporations—Construction of Clause in Franchise.—Where one clause of a franchise fixes a price for electric lights "for private and commercial lighting," and another clause fixes a price for electric lights "in private residences" the two clauses, when read together, mean that the price fixed for lights in private residences controls in all private residences and that the other price controls for all private and commercial lighting not in private residences.
3.  Corporations—Breach of Franchise—What Must Be Shown to Establish.—In order to show a breach of the franchise the plaintiff must show that his house is a private residence to entitle him to the flat rate fixed in this clause.
4.  Corporations—Electric Light Company—Keeping Lights For Definite Time.—Where, under a franchise, it is the duty of the electric light company to put in lights free of cost to consumers when demanded, the company has no right to refuse to put in lights unless its charges are prepaid for the lights and the plaintiff need not show that he agreed to keep the lights for any definite time.

BLUE & NUNN for appellant.

J. G. ROCHESTER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

On November 14, 1899, the city of Marion granted to Boyce & Eddings a franchise for electric lights within the city and this franchise has passed, by assignment, to the Marion Electric Light & Ice Company, which now owns it and operates under it. Among other things, it contains these provisions:

"2.   Said Boyce & Eddings shall without unnecessary delay and within eighteen months from and after the 14th day of November, 1899, construct, equip and put in operation in said city of Marion, Ky., an electric light plant of not less than eight hundred, sixteen candle power incandescent light capacity, said plant to be constructed in good workmanlike manner of permanent character, and all machinery therein shall be of modern invention and first class in every respect and shall maintain same and if necessary increase the capacity thereof from time to time as the demands of said city may require or demand for and during said term of twenty years."

"5.   That said Boyce & Eddings shall furnish incandescent electric lights of not less than sixteen candle power for private and commercial lighting at a cost to consumers not exceeding seventy-five cents per light per month for all lights not used or burned after or later than twelve o'clock, midnight, and not exceeding ninety cents per light per month for all lights used or burned after that hour as may be demanded and shall in addition thereto furnish globes and put lights in free of cost to consumers except the cost of each light per month as agreed upon not exceeding said sum of seventy-five cents per light per month or ninety cents per light per month as the same may be used."

"6.   That said Boyce & Eddings shall furnish incandescent electric lights of not less than sixteen candle power for use in private residences at a cost to consumers not exceeding fifty cents per light per month, flat or fifteen cents for one thousand watts in case the current is run through meters, as may be demanded and shall in addition thereto furnish globes and put lights in free of cost to consumers except the price of each light per month, but in case the current run through a meter, then in that event said Boyce & Eddings shall have the right to charge consumers for wiring their houses and for the cost of the meter in addition thereto and in addition the said sum of fifteen cents for one thousand watts."

J. G. Rochester requested the company to put in the wires and four electric lights of not less than sixteen candle power, at flat rates, in his house then occupied by Prof. Snider, situated just north of his residence

on College street. The company refused to do so, and published in the town paper the following:

"We know of but one solution to reduce the 'load' at the power house this fall and winter and that is to put out the unprofitable patrons. Ten years experience has taught us that the majority of flat rate customers are not profitable at our rates, and it has been proven during that time that any patron can, if he will, light his premises for less money on a meter. Any flat rate customer desiring meter installed can learn the particulars by applying at the plant, phone No. 122. After September 1, and until December 1, service at flat rates will be discontinued by lot, all names being written on slips and those drawn out dropped, or installed on meters as the patrons prefer. If any interested party can suggest any better method to lighten the load we are open to suggestions.

"The following persons have applied for lights and have been refused as the plant is loaded: A. H. Reed, J. G. Rochester, Rawls Hughes, L. G. Randolph, A. F. Wolfe, J. W. Weldon, C. J. Pierce and J. U. Snyder.

"MARION ELECTRIC LIGHT & ICE CO. (Inc.),
"By S. M. JENKINS."

He then served upon it a written notice requiring it to put in the lights and it still refusing he brought this suit against it. In his original petition, he, after setting out the facts above stated, prayed the court to award a writ of mandamus requiring the company to wire and turn on the lights in the house referred to. In an amended petition he prayed that if he was not entitled to the writ of mandamus the court should enter an order requiring the defendant to comply with its contract to wire and turn on the lights in the property referred to and for all proper and equitable relief. The defendant filed a demurrer to the petition. The court overruled the demurrer. The plaintiff then filed an answer to which the court sustained a demurrer and the defendant failing to plead further, the court entered an order requiring the defendant within thirty days to cause the house to be wired and to turn on the lights to be paid for at flat rates. To this ruling of the court the defendant excepted and has brought the case here by appeal.

Under section 477 of the Civil Code, defining the writ of mandamus the court was not authorized to grant a mandamus against a private corporation to compel it to comply with its franchise contract, but the court was authorized to grant a mandatory injunction requiring it to do so, if proper facts were shown. (Williams v. Maysville Telephone Company, 119 Ky., 33.) The order which the circuit court entered upon the final determination of the case may be treated as a mandatory injunction requiring the defendant to wire the house and furnish the lights; as this order was the final judgment in the case no injunction bond was required. An injunction bond is only required where the injunction is granted by an interlocutory order. While the proceedings were a little irregular there was no substantial error in the form of the proceedings.

Our construction of clause five of the contract is that it refers to private and commercial lighting in all buildings except private residences and that clause six refers to the lighting of private residences. Our construction of clause six is that the company shall furnish incandescent electric lights of not less than sixteen candle-power for use in private residences at a cost to consumers not exceeding fifty cents per light per month, flat, or fifteen cents for one thousand watts in case the current is run through a meter as may be demanded by the consumer. This is the grammatical construction of the sentence and that this is what is meant is shown by the concluding words providing that in case the current is run through a meter then the company shall have the right to charge consumers for wiring their houses and for the cost of the meter in addition thereto.

The plaintiff's petition is defective in that he does not allege that the house referred to therein is a private residence. For this reason the demurrer to it should have been sustained and the judgment entered by the court is unwarranted but on the return of the case to the circuit court he will be allowed to amend his petition. It was not necessary that the plaintiff should tender any charges or agree to use the lights for any specified length of time. It is the duty of the company, under the franchise, to put the lights in as demanded and if the company's charges for the lights are not paid when due, according to its reasonable rules, the lights may be turned off, but, under the franchise it must furnish the

lights at a cost to consumers not exceeding fifty cents per light per month, flat, when demanded by the consumer, and it must in addition thereto furnish globes and put the lights in free of cost to customer. Its franchise was granted on this condition and it cannot keep the franchise without complying with it.

Judgment reversed and cause remanded for further proceedings consistent herewith.