**BASS et al. v. CITY OF CLIFTON.**
(No. 517.)

Court of Civil Appeals of Texas. Waco. · June 23, 1927.

Rehearing Denied Sept. 15, 1927.

1. Appeal and error ⚖️488(1)—Where temporary injunction was dissolved, but continued in effect pending appeal, it was operative until disposition of case on appeal (Rev. St. 1925, art. 4662).

Where court dissolved temporary injunction against erecting city light plant, granted on plaintiff's application, but continued it in effect pending appeal, and plaintiff appealed, the temporary injunction continued in effect until the case was finally disposed of on appeal, under Rev. St. 1925, art. 4662, authorizing trial court to continue a temporary injunction in effect pending appeal from order dissolving the same.

2. Injunction ⚖️239—Where temporary injunction obtained by plaintiff was dissolved, but continued in effect pending appeal, plaintiff and bondsmen were liable for damages accruing pending appeal (Rev. St. 1925, art. 4662).

Where court, on dissolving a temporary injunction obtained by plaintiff, continued it in force pending appeal, and plaintiff appealed, thereby making the temporary ·injunction operative until final disposition of the case on appeal, under Rev. St. 1925, art. 4662, plaintiff and his bondsmen on the temporary injunction were liable for all damages occasioned by the injunction until the case was finally disposed of on appeal.

Appeal from District Court, Bosque County; Irwin T. Ward, Judge. ·

Suit by the City of Clifton against R. O. Bass and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Lipscomb & Seideman, of Fort Worth, and Nat Harris, of Waco, for appellants.

Bryan & Maxwell, of Waco, for appellee.

BARCUS, J. [1] This cause is submitted as an agreed case. In 1923, the inhabitants of appellee voted a bond issue for $35,000 for the purpose of purchasing or erecting a city light plant. The bonds were issued, approved, and sold, and the city advertised for bids for the construction of said plant. On November 2, 1923, on application of appellant Bass, the district judge granted a temporary injunction, restraining appellee from erecting said plant. On December 4, 1923, the trial court, on appellee's motion, dissolved the temporary injunction, but provided specifically that it should remain in full force and effect pending appeal. After the temporary injunction was dissolved, but on the same day, the trial court heard the application for a permanent injunction upon its merits, and refused same, and appellant appealed from each of said judgments. The Court of Civil Appeals affirmed the judgment of the trial court. Bass v. City of Clifton, 261 S. W. 795. A writ of error was refused by the state Supreme Court, the United States Supreme Court dismissed a writ of error, and the judgment became final in June, 1925. On July 28, 1925, on application of appellant Bass, a temporary injunction was granted, again restraining appellee from building said light plant, which was, in September, 1925, dissolved, and from which there was no appeal. When appellant Bass obtained the temporary injunctions, he was required to, and did, execute a statutory bond for the sum of $5,000. This suit was brought by appellee against Bass and his bondsmen to recover damages which it suffered by reason of said injunctions being granted. The cause was submitted to the court and resulted in judgment being entered for appellee against appellants for $1,729.36, being interest at 6 per cent. on the $35,000 from November 2, 1923, the date the original temporary injunction was granted, to September, 1925, when the last temporary injunction was dissolved, less the amount of interest which the city had obtained on said money.

There is no controversy between the parties as to the amount of recovery, or as to the measure of damages which the trial court applied, except appellants contend that they are not liable for the interest that the city lost while the case was on appeal; their contention being that the temporary injunction only restrained appellee from erecting said plant until the further orders of the court, and that when the court made its order on December 4th, refusing the writ of injunction, their obligations on the bond ceased.

[2] In 1909 the Legislature enacted a statute which authorized the trial court to continue in full force and effect a temporary injunction pending an appeal from its order dissolving same. Article 4662, Revised Statutes. It was therefore within the power of the trial judge, when he dissolved the temporary injunction and refused a permanent injunction, to continue the temporary injunction in effect pending an appeal by appellants. Appellants were not compelled to appeal, but, if they did, the injunction effectively prevented appellee from erecting the light plant until the appeal was disposed of by the appellate court. Dallas Land & Loan

Co. v. Garrett (Tex. Civ. App.) 276 S. W. 471; Ford v. State (Tex. Civ. App.) 209 S. W. 490. The temporary injunction granted Bass remained in full force and effect until the appeal was finally disposed of in June, 1925, and the injunction bond given by appellants bound and obligated them to indemnify appellee against all damages which were occasioned thereby. If the trial court had refused to continue the injunction in force during the pendency of the appeal, then appellants, in order to have prevented appellee from erecting the light plant, would have been required to execute a supersedeas bond or to obtain from the appellate court a temporary injunction or restraining order preventing appellee from building the plant while the cause was on appeal. Williams v. Pouns, 48 Tex. 141; Higgins v. Thompson, 96 Tex. 154, 71 S. W. 14; Ex parte Rains, 113 Tex. 428, 257 S. W. 217; G. C. & S. F. Ry. Co. v. Fort Worth & N. O. Ry. Co., 68 Tex. 98, 2 S. W. 199; Ford v. State (Tex. Civ. App.) 209 S. W. 490. Appellants, having executed the injunction bond to indemnify appellee against damages occasioned by reason of the injunction being granted, were liable for all such damages until the injunction was finally dissolved. Appellant Bass, having appealed from the judgment of the trial court dissolving the temporary injunction and refusing a permanent injunction, continued in effect the temporary injunction, and same was not dissolved until the cause was finally disposed of on appeal.

We have carefully examined appellants' assignments of error and same are overruled. The judgment of the trial court is affirmed.