## Cossar, Sheriff, v. Klein.

(Decided December 21, 1928.)

JAMES W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellant.

MATT O'DOHERTY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

On July 1, 1925, Junius C. Klein, a resident and citizen of Jefferson county, Ky., was the owner of a number of shares of the common and preferred stock of the Standard Sanitary Manufacturing Company, a New Jersey corporation. There were also about 1,713 other residents and citizens of Jefferson county who owned stock in the same company at that time. On July 1, 1925, the Jefferson county tax commissioner assessed this stock to the respective owners at a valuation of $101 per share for the common stock and $114 per share for the preferred stock. The total amount of stock held by residents of Jefferson county was 13,384 shares of preferred and 165,715 shares of the common stock. On March 12, 1926, Klein, acting for himself and assuming to act for the other stockholders of the corporation residing in Jefferson county, appeared before the board of tax supervisors in and for Jefferson county and filed a written objection and protest against the assessment of the stock, on the ground that it was not subject to assessment and that the

valuation was grossly excessive. On April 8, 1926, the board of tax supervisors overruled the objection and protest of Klein, and sustained the assessments made by the county tax commissioner on the stock in question. Klein prosecuted an appeal to the Jefferson quarterly court for himself, and attempted to make the appeal operate on behalf of all other stockholders of the Standard Sanitary Manufacturing Company residing in Jefferson county. During the pendency of the appeal in the Jefferson quarterly court, the county clerk of Jefferson county made out tax bills against Klein and all other stockholders of the Standard Sanitary Manufacturing Company residing in Jefferson county for the state taxes in 1926, based on the assessment and valuation of the stock for taxation, and placed them in the hands of the sheriff for collection. Klein then brought this action, suing for himself and the other stockholders, against the sheriff to enjoin and restrain him from collecting or attempting to collect the taxes assessed against the plaintiff and other stockholders of the Standard Sanitary Manufacturing Company for the year 1926, until the appeal then pending in the quarterly court should be finally heard and determined by said court or any other court to which an appeal might be prosecuted from a judgment rendered by the quarterly court.

In addition to the facts already stated, the petition alleged that the sheriff, unless restrained, would proceed to collect the tax bills by distraining the goods of the plaintiff and other stockholders to their irreparable injury and damage. The sheriff filed a demurrer to the petition which was overruled, and he declined to plead further. The court thereupon rendered a judgment whereby the sheriff was enjoined and restrained from collecting or attempting to collect taxes assessed against the plaintiff, Junius C. Klein, and the other stockholders of the Standard Sanitary Manufacturing Company, residents of Jefferson county, for the year 1926, until the appeal of the plaintiff and other stockholders in the Standard Sanitary Manufacturing Company should be finally heard and determined by said court or any other court to which an appeal might be prosecuted. The defendant appeals.

The first question to be determined is the right of Klein to maintain an action on behalf of the other stockholders. Section 4128, Kentucky Statutes, provides that any taxpayer feeling himself aggrieved by the action of

said board of supervisors may appeal to the quarterly court within 30 days after the final adjournment of the said board, by filing with the judge of said court a certified copy under the hand of the clerk of said board of the action taken. It further provides that "he shall have the right to appeal from the decision of the quarterly court to the circuit court and then to the Court of Appeals in the same manner that the law now allows appeals in civil cases." The procedure is purely statutory, affording a remedy for an aggrieved taxpayer, if he thinks his property is not liable to assessment, or that an excessive valuation has been placed upon it. There is nothing in the statute which authorizes one taxpayer to act for another or others, and, in the absence of such provision in the statute itself, no such right exists. The statute confines the remedy to the aggrieved taxpayer, and he may not assume to act for others. Section 25 of the Civil Code provides that, "if the question involve a common or general interest of many persons, or if the parties be numerous and it is impracticable to bring all of them before the court within a reasonable time, one or more may sue or defend for the benefit of all." That section is inapplicable to cases of this character. Swiss Oil Corp. v. Shanks, 208 Ky. 64, 270 S. W. 478; Union L. H. & P. Co. v. Mulligan, 177 Ky. 670, 197 S. W. 1081; Nairin v. Ky. Heating Co., 86 S. W. 676, 27 Ky. Law Rep. 554. Since Klein had no right to appeal or sue for the benefit of other stockholders, it is apparent that the injunction granted is too broad to the extent that it restrained the sheriff from collecting the tax bills of the stockholders other than Klein.

The question remains whether Klein was entitled to an injunction to maintain the status quo until final settlement of the litigation. Section 4128, Kentucky Statutes, contemplates when an appeal is taken that no tax bill shall be made out, as it is made the duty of the county attorney to notify the state tax commission in writing of such appeal. When an appeal is taken, no final assessment as to the appellant can be made until the appeal is disposed of, and any tax bill issued in the meantime is premature and unauthorized. When the appeal is finally disposed of, a new tax bill will have to be prepared conforming to the final judgment in the case, and until that time, no tax bill should be sent to the sheriff or collected by him. Com. v. Southern Pacific Co., 169 Ky. 296, 183 S. W. 925.

It is insisted, however, that section 4128, Kentucky Statutes, is the only remedy provided for a taxpayer, and that the case presents no grounds for an injunction. But the appellee is not seeking an injunction against the assessment or valuation of his property for taxation, as those questions will have to be determined on the appeal. What the plaintiff asks is that collection of the tax bill shall be restrained until, by due procedure, it is finally determined what tax, if any, is due. He is seeking an injunction only for the purposes of maintaining the status quo and protecting his rights from irreparable injury pending the appeal. A court of equity will grant relief of this kind when there is no adequate remedy at law. Western Union Tel. Co. v. Louisville, etc., R. Co. (D. C.) 201 F. 926, affirmed (C. C. A.) 207 F. 1; Lincoln County v. Curtis, 134 Minn. 473, 159 N. W. 129.

There is no provision for a supersedeas on an appeal from the board of supervisors to the quarterly court, and, if the tax bill could be collected while the case is pending in the quarterly court, the taxpayer would be remediless. Such being the case, the taxpayer has no adequate remedy at law, and it is in the power of a court of equity to enjoin the sheriff from collecting the premature tax bill until its validity has been finally determined. Com. v. Southern Pacific Co., 169 Ky. 296, 183 S. W. 925.

The further contention is made that it was an abuse of discretion on the part of the circuit court to grant the injunction without requiring a bond. It is only where the injunction is temporary or interlocutory that a bond is required. No bond is required where final judgment is rendered and a permanent injunction is awarded by the judgment. Marion Electric Light & Ice Co. v. Rochester, 149 Ky. 810, 149 S. W. 977; City of Lancaster v. Pope, 156 Ky. 1, 160 S. W. 509, Ann. Cas. 1915C, 752.

Here the injunction was granted on final hearing and gave appellee the whole relief sought, and was none the less permanent because not unlimited as to time. Such being the character of the injunction, the circuit court did not err in failing to require an injunction bond which could serve no purpose.

It follows that the court was correct in awarding the injunction to Junius C. Klein, but in error in permitting him to sue or act for the other stockholders and in granting the injunction against the collection of tax bills of the other stockholders. It will therefore be necessary to

reverse the case in order that the injunction may be properly circumscribed.

Judgment reversed, with directions to enter a judgment in accordance with this opinion.