**JOHNSON et al. v. McMAHAN et al.**
**No. 3621.**

Court of Civil Appeals of Texas. Amarillo.
June 10, 1931.

Rehearing Denied July 11, 1931.

G. E. Hamilton, of Matador, for appellants.
W. D. Wilson, of Spur, for appellees.

HALL, C. J.

The appellant Johnson, joined by W. P. T. Smith, sued Mrs. McMahan, as principal, and W. W. Sample, J. E. Morris, R. J. Hairgrove, and George S. Link, as sureties on an injunction bond, to recover damages alleged to have resulted from the wrongful granting of a temporary injunction by the district court at the instance and request of the defendants.

The injunction was granted in cause No. 1002 on the docket of the district court of Dickens county; that being an action by Mrs. McMahan against the plaintiffs, who are appellants in this case, to restrain them from digging a ditch and for the additional item of $110 court costs which accrued in the first cause, No. 1002. The $110 item was expended by appellants herein for a statement of facts prepared in cause No. 1002 by the court reporter and delivered to them too late to be taxed in the cost bill of the transcript in said cause on appeal. In cause 1002 Mrs. McMahan executed a bond for temporary injunction in the sum of $500. Appellants herein seek to recover the $500 and $110 costs from her sureties on the bond and the further sum of $1,074 against Mrs. McMahan. Mrs. McMahan's injunction bond is for the sum of $500, "conditioned that the said Mrs. O. C. McMahan would abide the decision which may be made therein," and further binds her "to pay all sums of money and costs that may be adjudged against her if the injunction be dissolved in whole or in part."

The district court granted the temporary writ of injunction on the 23d day of November, 1927. Smith has disclaimed in this action, and no further mention will be made of him in connection with the case. The writ of injunction commanded Johnson to desist from digging and excavating a ditch which he had commenced for the purpose of draining a lake or depression existing upon his land until the further orders of the court. The writ was made returnable at the November term, 1927, of the district court, which convened on the 28th day of November, 1927.

The substance of the appellant's allegations, in addition to what has been stated, is: That

he was the owner of a quarter section of land which had a shallow depression or basin upon it and in wet seasons this basin would fill with water, which was locally known as Dry Lake. That it was fertile and highly productive land, and Johnson was preparing to put same in cultivation, and, in order to drain the lake, which covered about 120 acres of his quarter section, he commenced to cut a ditch connecting the lake with Hackberry draw, and had obtained a strip of land from Smith through which the ditch would be dug. By reason of the issuance of the temporary injunction, he was prevented from draining his land. That the suit was filed to the November term, but too late for trial at said term, and that the case was not tried until the 9th day of June, 1928, at which time the court perpetuated the temporary injunction. Appellant charges: That it was only during the fall and winter months that he could cut the drainage ditch. That it was a task of considerable magnitude, requiring the assembling of teams, implements, feed for his teams and laborers to do the work, which could not be done during the spring and summer months and during farming seasons. That he broke the land and put it in cultivation in the winter and in the spring of 1928. That his crops were planted at the date of the trial of said cause 1002. That even if the judgment of the court had been in his favor on the 9th day of June, it was then too late for him to have drained his land. That about the middle of July, 1928, as the result of heavy rains, the lake was filled with water, which destroyed his growing crops. That he had a cropper working said land and that plaintiff's share was one-half. That certain crops of cotton and feed would have been made and gathered from the land but for the water that destroyed his said crops and caused his loss. That but for the injunction he would have drained the water from his land in time to have enabled his cropper to cultivate and raise the crops in 1928, and that plaintiff's share of said crop would have amounted to $1,039. That, if Mrs. McMahan had sued praying only for a permanent injunction, he would have completed his ditch before planting time in 1928 and before the final judgment was rendered in June, and would have filed supersedeas bond and appealed from the adverse judgment, thus leaving his drainage system in good condition and protecting his crops until the case was decided in the appellate courts. That he appealed from the judgment rendered against him in June, which perpetuated the injunction, and that this Court of Appeals reversed the judgment of the trial court perpetuating the injunction, and affirmed it as to the damages, holding that the injunction had been wrongfully issued; the decision of this court being based upon answers to certified questions from the Supreme Court. 15 S.W.(2d) 1023.

Plaintiff sued for additional damages in the sum of $35 for necessary and reasonable expenses incurred in removing a fence along the proposed line of the drainage ditch and rebuilding the same. He further alleges that in cause 1002 he paid for a statement of facts which he was not able to use and which was not taxed in the cost bill on appeal because it was delivered by the court stenographer too late.

The appellees answered by a plea to the jurisdiction of the court, alleging: That it appeared from the petition that this suit was to recover on a bond in the sum of only $500. That, said bond being given in a temporary injunction proceeding, damages, if any, recoverable against either the principal or the sureties, were limited to the amount named in the bond; there being no allegation that the injunction was sued out maliciously and/or without probable cause. That the allegations whereby plaintiff was seeking to recover additional damages were made with the fraudulent intent of conferring jurisdiction on the district court. That the damages, if any, sought to be recovered, accrued after the temporary injunction ceased to function and after the injunction had been made permanent on a trial of the case on its merits; such damages not being recoverable on a temporary injunction bond, notwithstanding the reversal of the judgment on appeal.

Subject to their plea to the jurisdiction, the appellees also answered by general demurrer and several special exceptions. The general demurrer and special exceptions were overruled, with the exception of two exceptions, numbered 8 and 9, to the effect that plaintiff's allegation that the injunction suit was brought too late for trial at the November term and that it was impossible to try the case on its merits until the June term, 1928, were conclusions of the pleader and because appellant could have answered, moved to dissolve, and exercised the rights given by law in such cases, to have had the temporary injunction dissolved, and to the further effect that the item of $110 costs of the statement of facts in the injunction suit should have been included in the costs of that suit, and that such item has been adjudged in the former case and plaintiff has no right to recover herein.

Defendants further interposed pleas of res judicata and estoppel, alleging: That at the June term, 1928, in said cause No. 1002, the appellant Johnson, who was defendant therein, filed a cross-action in which he sought to recover damages for the alleged wrongful issuance of the temporary writ of injunction in said cause, thereby putting his right to recover damages in issue. That, on the trial of said cause in the district court, Johnson offered testimony upon the issue of wrongful suing out of said injunction and his right to recover damages therefor, and at the conclu-

sion of the trial, at his request, the trial court filed findings of fact and conclusions of law in part as follows: "I conclude that the defendant Johnson is not entitled to recover on his cross-action." That the trial court rendered judgment upon such finding that Johnson take nothing against Mrs. McMahan by reason of his cross-action for damages, and to that part of the judgment Johnson assigned no errors, either in a motion for a new trial or on appeal, and that the appellate court affirmed the trial court's judgment with reference to Johnson's cross-action. That the Court of Civil Appeals did not include the matters set up in the cross-action in its certificate to the Supreme Court, and, no writ of error having been filed, the judgment has become final.

As heretofore stated, the trial court overruled the appellees' plea to the jurisdiction, the general demurrer, and all of the special exceptions except the two numbered 8 and 9, which he sustained. The trial court also sustained the pleas of res judicata and estoppel and rendered judgment accordingly.

The first question to be considered is: Did the district court have jurisdiction?

■ The appellees insist that the $110 item which appellant paid for the statement of facts, and which was not delivered to him in time to be filed as part of the record in the first case appealed, is not recoverable in this action. We think if the statement of facts had been filed and the clerk had failed or refused to tax the amount as costs, the appellant could have recovered from the appellees the $110 in a separate action. Hunter v. Penland (Tex. Civ. App.) 32 S. W. 421; Thompson v. Morrow (Tex. Civ. App.) 147 S. W. 706; H. & G. N. Ry. Co. v. Jones, 46 Tex. 133; Clark v. Pearce, 80 Tex. 146, 15 S. W. 787; G., H. & S. A. Ry. Co. v. Ware, 74 Tex. 47, 11 S. W. 918. But the failure of appellant to secure the statement of facts in time to have it filed as a part of the record precludes him from having the amount paid taxed as costs or awarded to him in this or a separate action. L. C. Cunningham & Co. v. Perkins, 28 Tex. 488; Dillard v. First National Bank (Tex. Civ. App.) 143 S. W. 682; Hines v. Sparks (Tex. Civ. App.) 146 S. W. 289.

■ Upon the issue of jurisdiction of the district court, the appellees further insist that appellant cannot recover in a suit upon the injunction bond more than the penal sum named therein against either Mrs. McMahan or her sureties. He is not limited in his recovery against Mrs. McMahan by the amount named in the bond. We think the rule is established in this state that, where a party has been enjoined and has suffered damages by reason of the wrongful issuance of an injunction, he may recover against the sureties on the injunction bond the amount of his actual damages not exceeding the sum named in

it, and may in the same action recover against the principal on the bond all actual damages proximately resulting from its wrongful issuance, whether the injunction was sued out maliciously or without probable cause.

In Miller Surfacing Co. v. Bridgers et al. (Tex. Civ. App.) 269 S. W. 838, 840, Judge Baugh made an exhaustive search of the authorities bearing upon the question, and said:

"The only Texas case directly in point to which our attention has been called or which we have been able to find is that of Martin v. Sykes, 25 Tex. Supp. 197. In that case the court held that judgment against the sureties for an amount in excess of the bond was error, but not as to the principal, as she was liable for the original debt and damages thereon, regardless of the bond. As to limiting the liability of the principal on such bond to the penalty of the bond, there is considerable conflict of opinion in other jurisdictions. The rule as stated in 32 C. J. 465, is that, where suit is brought on the bond, the bond is controlling, and only such damages are recoverable as are clearly embraced within its terms. However, in 14 R. C. L. 481, we find that:

" 'What is said to be the better rule, however, is that, although a party may have his remedy on his bond, yet this is not exclusive, and he may, in a proper case, also have a right to maintain an action at law.' "

Judge Baugh further states that in cases of malicious prosecution exemplary damages cannot be recovered, and concludes:

"We think the better rule to be that appellants are not necessarily limited in their recovery to the amount fixed in the bond, but are entitled to recover the actual damages proximately resulting from the wrongful issuance of the injunction, whether maliciously sued out or not. Ry. Co. v. Miller (Tex. Civ. App.) 38 S. W. 1132; Lancaster v. Roth (Tex. Civ. App.) 155 S. W. 597; Anderson v. Wilson (Tex. Civ. App.) 204 S. W. 784. The amount of the bond in such cases is usually little more than an estimate by the court based upon matters of opinion or ex parte statements, and, where it proves to be wholly inadequate to cover the injured party's actual damages, we see no good reason why the party causing the damage should not be held responsible for it. * * * This rule, of course, would not apply to the sureties on the injunction bond. Their liability is limited to the amount fixed in the bond." People's Trust Co. v. Riley (Tex. Civ. App.) 300 S. W. 142; Castleman v. Williams (Tex. Civ. App.) 263 S. W. 638.

So, if we are correct in this conclusion, the district court had jurisdiction.

■ The next contention to be considered is that, because the damages sought to be recovered in this action accrued after the final judgment in the district court, they are not

within the terms of the bond given, because, as appellees insist, it was executed in order to obtain a temporary injunction, and covers only such damages as may accrue prior to the trial of the case on the merits.

We do not so understand the law. Generally no new or additional bond is required when a temporary injunction is made permanent by the final judgment rendered upon the merits. Cossar v. Klein, 227 Ky. 768, 14 S.W. (2d) 160; Davison v. Hough, 165 Mo. 561, 65 S. W. 731; Marion Electric Light Co. v. Rochester, 149 Ky. 810, 149 S. W. 977. Our statutes make no provision for the execution of an additional or new bond except in special cases provided as, for instance, where, by the injunction, the collection of money is restrained under article 4659. The condition of the bond in this case is that appellees will pay all sums of money and costs that may be adjudged against them if the injunction is dissolved. Where this is the provision of the bond, it is held that no right of action accrues until the injunction is dissolved by final judgment. 1 Joyce on Injunctions, §§ 177, 177a; 1 High on Injunctions (4th Ed.) § 1649. The condition precedent expressed in article 4649, that the applicant for an injunction shall execute and file with the clerk a bond payable to the adverse party with two or more good and sufficient sureties, is mandatory. Ex parte Coward, 110 Tex. 587, 222 S. W. 531. We find no statutory provision requiring an additional bond where a temporary injunction is to be made permanent, except in cases coming within the terms of article 4659, nor have we found any case in which there was such a proceeding. We think the statute contemplates that the bond required by article 4649 is intended to protect the defendant against whatever damages may result from the time of the issuance of the writ until the injunction is dissolved, and that it protects the defendant in any proximate damages which may result even during the pendency of the appeal. Bass v. City of Clifton (Tex. Civ. App.) 297 S. W. 872, and authorities cited. It is held that, when the defendant has suffered the loss of his crops or rents by reason of the issuance of an injunction, such loss is a proper ground of recovery. 2 High on Injunctions (4th Ed.) § 1673; 2 Sutherland on Damages, pages 1742, 1743.

As hereinbefore stated, the appellant herein, as defendant in cause No. 1002, sought to recover the expenses incident to having assembled his teams, scrapers, and workmen for the purpose of digging the ditch. He does not seek in this action to recover upon any of these grounds.

The appellees insist that the judgment which denied Johnson damages in cause No. 1002 is an estoppel and res judicata of his right to recover any damages thereafter accruing, such as are sought in this action. We cannot assent to this proposition. The trial court's judgment denied him a recovery in cause No. 1002 of the $300 damages which he alleges had accrued to the time of the suit. He did not appeal from that part of the judgment, so it was affirmed by this court and is res judicata of his right to recover, but only as to the items of damages asserted in that action. We do not agree with appellees in their contention that such judgment also adjudicates Johnson's right to recover damages subsequently accruing. That judgment having decreed that the temporary injunction was properly issued and should be made permanent, it necessarily followed such a holding that Johnson was not entitled to recover the damages claimed in his cross-action. If Mrs. McMahan was entitled to the injunction, no damages could result. It having been held that the judgment of the trial court was erroneous in so far as it granted the injunction, it does not estop Johnson nor is it res judicata in a subsequent action except as to the items of damage set out in his pleadings in the other case. That part of the judgment which denies Johnson a recovery of damages is merely an incident to the court's determination that Mrs. McMahan was entitled to the injunction, and our construction of the judgment is that it does not settle the abstract legal question of the right of a party injured by the wrongful issuance of an injunction to whatever damages may thereafter proximately result. The judgment against Johnson, dated June 9, 1928, denying a recovery of the damages which had accrued to that date, is not an adjudication of his right to recover the damages sued for herein resulting from the destruction of his crops in July after the final judgment was rendered in the trial court. It is shown that about the middle of July there was a heavy rain which filled the lake and completely destroyed the crop which appellant had growing there. We are sustained in this holding by numerous Texas cases as well as by the text-writers.

Hermann v. Allen, 103 Tex. 382, 128 S. W. 115, 116, seems to be a case in point. Allen sought to recover damages for the issuance of a writ of injunction sued out against him by Hermann restraining him from moving a house which belonged to him, but which was situated on land belonging to Hermann. Allen pleaded in reconvention his right to the house and the wrongfulness of the injunction. The case reached the Supreme Court, where it was said that the pleadings put in issue the right of Allen to move the house and to recover damages caused by Hermann's interference with that right. After discussing the rules relating to the effect of a judgment where a claim is put in issue and a judgment is rendered and of cases in which though there is a claim, it is not set up and is separable from the cause of action pleaded, the court said:

"The reason for this difference is that a judgment is logically to be taken as disposing of all the issues pending for decision under the pleadings in the cause, unless the court exclude some of them from the effect of the adjudication, an exception made by other decisions. * * * The trial court, therefore, erred in this case in refusing to instruct that the former judgment precluded a recovery by plaintiff herein of any damages which accrued prior to the time of its rendition. The judgment of the Court of Civil Appeals [118 S. W. 794] was pronounced upon the record of the trial court, and, of necessity, the effect of its adjudication of the present question is the same as if the trial court had rendered it. It follows that damages which accrued after the end of the trial in the district court may still be recovered." Orsak v. Kaspar (Tex. Civ. App.) 11 S.W.(2d) 618; Texas, etc., Ry. Co. v. O'Mahoney, 24 Tex. Civ. App. 631, 60 S. W. 902; H. E. & W. T. Ry. Co. v. Charwaine, 30 Tex. Civ. App. 633, 71 S. W. 401; Clark v. Dyer, 81 Tex. 339, 16 S. W. 1061; 2 Freeman on Judgments (5th Ed.) page 1263; 15 R. C. L. 968.

■ We find it necessary to consider only one other question. The appellees insist that the appellant cannot recover because he failed to take any action by appeal or otherwise to have the temporary injunction dissolved.

It is said in 8 R. C. L. 442, § 14: "It is a fundamental rule that one who is injured in his person or property by the wrongful or negligent acts of another whether as the result of a tort or a breach of contract, is bound to exercise reasonable care and diligence to avoid loss or to minimize the resulting damage and that to the extent that his damages are the result of his active and unreasonable enhancement thereof or are due to his failure to exercise such care and diligence, he cannot recover; or as the rule is sometimes stated, he is bound to protect himself if he can do so with reasonable exertion or at trifling expense and he can recover from the delinquent party only such damages as he could not with reasonable effort have avoided."

The right of a party injured by the abuse of the process of the court is the subject of an interesting note in 33 A. L. R. 1479. And the duty of appellant to minimize the damages is discussed in 17 C. J. pp. 767, 778. In view of the record before us, it becomes a question of fact whether it was the duty of Johnson, under all the circumstances, to move to dissolve the temporary injunction and prosecute an appeal and whether an appeal would have been effective. The court did not decide the case upon this issue, and, in view of another trial, the attention of counsel is called to the line of cases which holds that the filing of a supersedeas bond has the effect of suspending the injunction pending the appeal. Williams v. Pouns, 48 Tex. 141; Rig-

gins v. Thompson, 96 Tex. 154, 71 S. W. 14; Ex parte Rains, 113 Tex. 428, 257 S. W. 217; Haley v. Walker (Tex. Civ. App.) 141 S. W. 166; and many other cases might be cited.

For the reasons stated, the judgment is reversed, and the cause remanded.