## SOUTHERN PROPERTIES, Inc., v. CARPENTER.

### No. 11076.

Court of Civil Appeals of Texas. Dallas.
May 14, 1932.

Rehearing Denied June 11, 1932.

Locke, Locke, Stroud & Randolph, of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

LOONEY, J.

Hugh Carpenter, for twenty years prior to March 2, 1926, was engaged in retailing and delivering ice to customers in a certain territory within the business district of the city of Dallas, and on the date named he and Southern Properties, Inc., manufacturer and wholesale and retail dealer in ice in said city, made an agreement in writing, Carpenter selling to the corporation his equipment, consisting chiefly of a team of two horses, harness, and a delivery wagon, and entered the service of the corporation for a period of one year, at a minimum wage of $4 per day, it being stipulated that the employment should not be terminated before the expiration of one year "without just cause," and further that, "if at any time hereafter he (Carpenter) ceases for any cause or in any manner whatever to be employed by the said Southern Properties, Incorporated, he will not engage to any extent whatever, directly or indirectly, for himself or for another, or others, as proprietor, employee or otherwise, in the business of selling or delivering ice within that portion of the City of Dallas, Texas (describing the territory within which Carpenter had theretofore sold and delivered ice) for a period of two years after his said employment with Southern Properties, Incorporated, shall cease."

On being discharged May 15, 1926, without just cause, Carpenter instituted suits to recover wages that accrued under the contract; one of which reached this court on appeal, was affirmed in his favor, and is reported in 300 S. W. 963, the result being to exhaust Carpenter's right to collect wages, but during the month of February, 1927, having secured a small equipment, he began again the sale and delivery of ice in his old territory, and on February 17, 1927, the corporation filed suit against him, invoking the provision of the contract quoted above, praying that he be enjoined from engaging in the ice business in the described territory for the period extending to March 15, 1928 (being two years succeeding the date of his discharge); a restraining order was granted ex parte, and Carpenter was notified to show cause why the order should not be continued as a temporary injunction. He answered the suit on its merits and filed a cross-action against the corporation and sureties on its injunction bond, for damages alleged to have accrued by reason of the wrongful issuance of the writ. After several postponements, during which the order was continued in force, the case, by agreement of parties, was tried on its merits March 3, 1927, resulting in final judgment in favor of the corporation, perpetuating the temporary writ, and denying Carpenter recovery on his cross-action, from which he appealed to this court. We reversed and remanded the cause, because the corporation failed to exhibit a case calling for equitable relief, in that it did not come with clean hands, having first breached the contract by discharging Carpenter. without just cause, nor did it, under the facts and circumstances disclosed, offer to do equity. Case reported in 299 S. W. 440.

On second trial, the case was submitted to a jury on special issues, and, on findings favorable to Carpenter, judgment was rendered in his favor against the corporation for $1,380 damages, and against the sureties for $1,000, being the limit of their liability under the bond. On appeal, we reversed the judgment and remanded the cause on issues that have been eliminated; hence it is not necessary that they be noticed further. See 21 S.W.(2d) 372. The last trial also resulted in a judgment denying the corporation injunctive relief and in favor of Carpenter against it for $980 damages (the sureties having theretofore been eliminated), from which this appeal is prosecuted.

The recovery by Carpenter was for damages suffered during the time he was under the permanent injunction, from March 3, 1927, to November 2, 1927, the date the judgment of dissolution by this court (299 S. W. 440) became final, by refusal of writ of error by the Supreme Court.

By appropriate assignments and propositions appellant contends that the cross-action of appellee for damages resulting from the permanent injunction is in essence an action for malicious prosecution; that, the writ having been granted only after full hearing, the presumption should be indulged that the same was not issued maliciously and without probable cause, therefore the judgment rendered on the cross-action was erroneous and should be set aside, in other words, the ques-

tion presented is: Can a defendant in an injunction suit recover damages resulting from final judgment perpetuating a temporary injunction entered after full hearing? Appellant contends that, under the circumstances named, there existed no liability and that the recovery was unauthorized.

We are cited to quite an array of respectable out of the state authorities, apparently sustaining appellant's contention; but we believe the law in this state is settled against that contention. The recent case of Johnson v. McMahan, 40 S.W.(2d) 920, 922, decided by the Amarillo Court of Civil Appeals (writ of error denied by the Supreme Court), presented the identical question, the court holding that the injunction bond not only protected a defendant against damages resulting prior to final trial from a wrongful injunction, but also those that accrue afterwards, and before its dissolution on appeal. The court, in an opinion by Chief Justice Hall, used the following pertinent language:

"The next contention to be considered is that, because the damages sought to be recovered in this action accrued after the final judgment in the district court, they are not within the terms of the bond given, because, as appellees insist, it was executed in order to obtain a temporary injunction, and covers only such damages as may accrue prior to the trial of the case on the merits. We do not so understand the law. Generally no new or additional bond is required when a temporary injunction is made permanent by the final judgment rendered upon the merits. Cossar v. Klein, 227 Ky. 768, 14 S.W.(2d) 160; Davison v. Hough, 165 Mo. 561, 65 S. W. 731; Marion Electric Light Co. v. Rochester, 149 Ky. 810, 149 S. W. 977. * * * The condition of the bond in this case is that appellees will pay all sums of money and costs that may be adjudged against them if the injunction is dissolved. Where this is the provision of the bond, it is held that no right of action accrues until the injunction is dissolved by final judgment. 1 Joyce on Injunctions, §§ 177, 177a; 1 High on Injunctions (4th Ed.) § 1649. The condition precedent expressed in article 4649, that the applicant for an injunction shall execute and file with the clerk a bond payable to the adverse party with two or more good and sufficient sureties, is mandatory. Ex parte Coward, 110 Tex. 587, 222 S. W. 531. We find no statutory provision requiring an additional bond where a temporary injunction is to be made permanent, except in cases coming within the terms of article 4659, nor have we found any case in which there was such a proceeding. We think the statute contemplates that the bond required by article 4649 is intended to protect the defendant against whatever damages may result from the time of the issuance of the writ until the injunction is dissolved, and that it protects the defendant in any proximate damages which may result even during the pendency of the appeal. Bass v. City of Clifton (Tex. Civ. App.) 297 S. W. 872, and authorities cited. It is held that, when the defendant has suffered the loss of his crops or rents by reason of the issuance of an injunction, such loss is a proper ground of recovery. 2 High on Injunctions (4th Ed.) § 1673; 2 Sutherland on Damages, pages 1742, 1743."

The doctrine announced in Johnson v. McMahan, supra, and in the two cases cited, to wit: Miller, etc., v. Bridgers, 269 S. W. 838, 840 (by the Austin Court of Civil Appeals), and Bass v. City of Clifton, 297 S. W. 872 (by the Waco Court of Civil Appeals), is decisive of the questions under consideration. We therefore overrule appellant's contention in this respect.

Appellee makes the further contention that the evidence as to appellee's damages for loss of profits was too speculative, vague, and uncertain to sustain the verdict and judgment.

■ We do not think so. The uncontradicted testimony of appellee is to the effect that, before entering the service of appellant, he had an established business that yielded a daily profit of about $10; that, after the injunction was dissolved, the re-established business yielded a daily profit of about $7; that during the whole time, including the interim (from March 3d to November 2, 1927), while appellee was under the permanent injunction, the wholesale and retail prices of ice were substantially the same; and that the conditions of trade in the territory during said interim were not changed. Appellee's testimony to the effect just stated involved facts that were, or should have been, peculiarly within the knowledge of the officers and agents of appellant, but no effort was made to refute the testimony.

■ The doctrine is announced in 13 Tex. Jur. p. 215, that, "where the business is shown to have been already established and making a profit at the time when the contract was breached or the tort committed, such pre-existing profit, together with other facts and circumstances, may indicate with reasonable certainty the amount of profits lost. It is permissible to show the amount of business done by the plaintiff in a corresponding period of time not too remote, and the business during the time for which recovery is sought. Furthermore, in calculating the plaintiff's loss, it is proper to consider the normal increase in business which might have been expected in the light of past development and existing conditions." Also see 13 Tex. Jur. p. 208; Welsh v. Morris, 81 Tex. 162, 16 S. W. 744, 26 Am. St. Rep. 801; American Const. Co. v. Caswell (Tex. Civ. App.) 141 S. W. 1013; Prejean v. Delaware, etc. (C. C. A.) 13 F.(2d) 71.

The judgment of the trial court is affirmed.

Affirmed.