# Union Light, Heat & Power Co. v. City of Fort Thomas.

(Decided Oct. 30, 1935.)

GALVIN & TRACY and MATT HEROLD for appellant.

ODIS W. BERTELSMAN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

On August 2, 1915, the board of trustees of the city of Fort Thomas adopted an ordinance providing for the letting at public sale of a franchise to supply the city and its residents with electric current. The Union Light, Heat & Power Company, a corporation, hereinafter called the company, or appellant, submitted a bid setting forth in detail the rates, terms, and conditions upon whch it would furnish such electrical current.

By ordinance adopted by the board of trustees on September 6, 1915, the bid of the company was accepted and it was granted a franchise for a term of twenty years expiring September 5, 1935. So much of the ordinance granting the franchise as is pertinent to the issues and necessary to be considered in the determination of this appeal reads:

"If at any time during the second ten years of this grant the successful bidder, his or its successors or assigns, either directly or indirectly through others, shall by contract or franchise agree to charge or shall charge private consumers in any other municipality in Campbell or Kenton Counties, a rate or rates for electric current furnished to residences in any respect lower than the rate or rates set out in his or its bid hereunder, in that event the rate or rates to all consumers of the Town of Fort Thomas shall, at and after the expiration of the first ten years after the date of the acceptance of the successful bid hereunder, be reduced to conform to such lower residential rate or rates wherein the latter are lower than the rate or rates set out in his or its bid, so long as such lower rate is maintained in such other municipality."

By an act of the General Assembly of Kentucky in 1920 (Acts 1920, c. 11), Fort Thomas was classified as a city of the fourth class, and thereafter on January 7, 1931, the board of council of such city adopted resolution 186 reciting the adopting of Ordinance No. 37 granting the franchise to the company and setting up the above-quoted provision thereof, and further reciting that the company had filed with the board of council a communication showing that it had put in force and effect in the city of Covington, Ky., rates thereinafter set out, and that the company proposed to put into effect the same rates and charges for electrical current furnished to residences in the city of Fort Thomas; and accepted the proposition of the company and authorized it to place in effect the rates mentioned in the resolution, for residential services furnished to consumers of electricity in the city on and after September 5, 1931. It further provided that such rates in so far as they applied to electrical energy furnished to residences in the city be in lieu of rates for electrical current to residences for residential purposes as set out in the bid of the company of August, 1915. It appears that the rates fixed by the proposal of the company and the resolution of the board accepting same were lower than the rates for like service fixed by the franchise ordinance.

On December 21, 1934, the city of Fort Thomas instituted this action against the company and in its petition as amended set forth the facts with respect to the

adoption of the ordinance and the resolution hereinbefore referred to, and alleged in substance that after the adoption of resolution No. 186 the company furnished electricity to residences for residential purposes at the rates set out in the resolution; that since the initial meter readings taken on and after the 6th day of September, 1934, the company had furnished electricity for residential purposes to residences of the city of Covington in Kenton county at rates set forth in the petition and referred to therein, as well as in briefs filed by counsel, as "present rates"; that for electricity furnished for residences during the period from the initial monthly meter reading taken on and after December 18, 1933, and the initial monthly reading taken after September 10, 1934, the company collected from residents of the city of Covington amounts based on rates set out in resolution No. 186 filed as Exhibit D, but had refunded from amounts so collected to residents of Covington amounts based upon the difference between the rates and charges set out in such resolution and the rates and charges set out and referred to in the petition as "present rates." That since the initial monthly meter reading taken on September 6, 1934, the company had collected from the residents and inhabitants of Fort Thomas for electricity furnished them for residential purposes amounts based on the schedule of rates and charges set out in the petition under the caption "present rates," but had refused to refund to them the difference between the amounts based on such rates and the amounts collected by the company based on the rates and charges set out in the resolution marked Exhibit D during the period between the monthly meter reading on January 5, 1934, and the initial monthly reading on and after September 6, 1934.

It is further alleged that the quoted provision of the franchise contract means in substance and effect that whenever inhabitants of Fort Thomas are charged more for electricity for the same purposes than any other municipality in Kenton or Campbell counties, the residents of the former are entitled to recover back from the company the difference in the charges, and that by making the refund referred to in the petition, to inhabitants of the city of Covington, the company charged them less for electricity for residential purposes than it charged residents of the city of Fort Thomas for like service.

The prayer of the petition is for a declaration of rights determining the controversy between the parties, and that it be adjudged that the company make such refund to the residents and taxpayers of the city of Fort Thomas as may be necessary to provide that the rates charged them for residential purposes be reduced to conform to the lower rates charged inhabitants of the city of Covington from the monthly meter readings occurring January 5, 1934, and the monthly meter readings occurring on September 6, 1934.

The company interposed a general demurrer to the petition which was overruled, and upon its failure to further plead, it was adjudged that plaintiff was entitled to the relief sought and the company is appealing.

It is asserted in brief by counsel for appellant that the term "rate" or "rates" means not only the money paid for the commodity, but may also include any other consideration moving from the consumer to the public service corporation and in support of this proposition cites Saks & Co. v. New York Edison Co., 178 App. Div. 634, 165 N. Y. S. 572; and further maintains that the petition, as amended, is defective in that it does not state that no other consideration passed from the consumer in the city of Covington to appellant or that the condition upon which the rates were based were similar and cite Marion Electric Light & Ice Co. v. Rochester, 149 Ky. 810, 149 S. W. 977.

In the Saks Case, it appears that the Edison Company agreed to reduce rates made to Saks & Co. to any lower rate made to other consumers. Another consumer leased a basement of a building to the Edison Company and the latter agreed to furnish current to the consumer at 3 cents per kilowatt. Saks & Co. were paying 3½ cents per kilowatt and it brought suit to recover the difference of ½ cent per kilowatt; but recovery was denied on the ground that no discrimination in fact had been made, and that the apparent difference in rates was taken care of in adjustment of rentals. No question of pleading was involved in that case.

The Rochester Case was an action to compel an electric light company to furnish lights for a house in accordance with its franchise which required it to furnish lights for private and commercial lighting and for private residences. It was held that the petition was demurrable because it did not allege that the house was

a private residence. It will therefore be seen that neither of the cases cited are in point.

Under the terms of the franchise, it was expressly provided that if during the second ten-year term thereof appellant should either directly or indirectly, through others by contract or franchise, agree to charge or should charge a private consumer in any other municipality in Kenton or Campbell counties rates for electric current furnished to residences in any respect lower than the rates set out in its contract, the rates to all consumers of the city of Fort Thomas should be reduced to conform to such lower residential rates so long as such lower rates were maintained in such other municipality. The petition charges in substance and effect that during the second ten years of the franchise, appellant by way of a rebate made to consumers of electricity in Covington in residences for residential purposes a lower rate than was made to like consumers for like purposes in the city of Fort Thomas.

As used in interstate commerce laws prohibiting preference or discrimination by carriers, the word "rate" has been held to mean the net amount the carrier received and retains from the shipper, and that any device by which such amount is reduced below the rate given in the published schedule of rates amounts to giving rebates. United States v. Chicago & Alton Ry. Co. (D. C.) 148 F. 646; Federal Gravel Co. v. Detroit & M. Ry. Co., 248 Mich. 49, 226 N. W. 677; Clark v. Southern Ry. Co., 69 Ind. App. 697, 119 N. E. 539; Elliott v. Empire Natural Gas Co., 123 Kan. 558, 256 P. 114; Parks v. Cleveland Ry. Co., 124 Ohio St. 79, 177 N. E. 28.

We see no reason why the definition given in cases relating to interstate commerce laws would not be equally applicable in cases of this character. The word "rebate," as used in the petition, as amended, clearly implies such a discount or abatement as creates a discrimination against the users of electric current for residential purposes in Fort Thomas and utterly destroys the equality of treatment guaranteed under the terms of the contract. The quoted provision of the contract would be a nullity if the purchaser of the franchise could by way of a rebate or other means accomplish a reduction of rates to consumers of electricity in other municipalities in the counties of Campbell and Kenton without making like reduction to Fort Thomas.

But, regardless of what the word "rebate" implies, the petition charges in direct terms that the giving of the rebate to consumers in Covington resulted in reducing their rate below that paid by residents of Fort Thomas for like service during the period in question. Insistence that the petition should have alleged that no other consideration passed from the consumer in the city of Covington to appellant is without merit since in the circumstances that was a matter of defense.

It is further insisted by appellant that the parties could by a new contract change the rates and condition of service and that resolution 186 was a new contract relative to rates and therefore superseded the original contract. Whether the parties might have made a new contract which would have superseded or annulled the quoted provision of the old contract is beside the question, since it is apparent that they did not.

Appellant having made a lower rate to the consumers in the city of Covington for current used for residential purposes realized its obligation to appellee to make a like reduction to its citizens and made the proposal which was accepted by resolution 186. It was only doing what by the terms of the contract it was bound to do, and the new schedule of rates was made a public record for the protection of all parties concerned. It has the effect of lifting the old schedule of rates out of the contract and inserting in its place the new without affecting other provisions of the contract. The resolution evinced no purpose to, nor did it in fact annul the quoted provisions of the franchise, nor relieve appellant of its duty thereunder to make further reduction of rates to citizens of Fort Thomas to conform to reductions made to consumers in other municipalities in the counties of Campbell and Kenton.

Judgment affirmed.