# COUNTY OF LINCOLN v. CHARLES H. CURTIS.[1]

### September 22, 1916.

### No. 20,102.

**Injunction — official conduct — occupation of county building.**

An injunction is properly granted in favor of county officials, defendants in an action of ejectment brought by the sheriff seeking to exclude other officials from occupying the county building, where after losing the ejectment action, the sheriff locks the doors of the building and refuses access to the same, whereupon the county officials brought this action to permanently restrain the sheriff. [Reporter.]

[1] Reported in 159 N. W. 129.

The district court for Lincoln county, Olsen, J., granted a temporary injunction restraining defendant, sheriff of that county, from locking the doors connecting the east part of that certain building in the village of Ivanhoe known as "Court House Block" with the corridors and vault room in the west part of the building during business hours and preventing free access by the county officers and public to and the use of all county records kept in the vault room of the building for necessary business purposes. From the order granting such injunction, defendant appealed. In this court appellant applied for an early hearing. Appeal dismissed.

*Mathews & Mathews,* for appellant.

*Louis P. Johnson,* County Attorney, and *E. B. Korns,* for respondent.

PER CURIAM.

This is an appeal by defendant from an order granting a temporary injunction, and plaintiff applies under subdivision 7 of section 8001, G. S. 1913, for an order fixing an early date for the hearing thereof.

The appeal presents no question of substantial merit and will be dismissed, and the application for an order fixing a date for the argument thereof denied.

The court below in disposing of the motion for a temporary injunction was justified from the record in finding the following facts. In 1904 the county of Lincoln completed the construction of a county building designed ultimately for a sheriff's residence and jail. The county did not then own nor has it since acquired at the county seat a court house for general county purposes, and on the completion of the building referred to, the several county officers were by direction of the county board assigned to quarters therein. Such officers since that time continued to occupy the building, and all public records are stored and kept therein. The records are kept in a room of the building which was intended but not yet equipped for jail purposes; two adjoining rooms being supplied with steel cells which answer and are sufficient for all present purposes. Such has been the situation and occupancy of the building since its completion in 1904, and the officers have at all times had free access to the room wherein the records have been kept.

Defendant is the sheriff of the county and as such is charged with the safekeeping of all prisoners committed to the jail. He has an office in the building but does not reside therein. Some rearrangements were recently made in the part of the building adjoining the cell rooms and in connection with the room in which the records are kept, but in no way changing the cell rooms of the jail. These changes seem to have irritated the sheriff, and he claims that the safekeeping of the prisoners committed to his charge was in some way interfered with. He thereafter brought an action in ejectment against the county, seeking thereby to recover possession of the entire building and to exclude all other county officers therefrom. The action was

tried and the sheriff was denied the relief demanded. The result of the action seems also to have annoyed the sheriff for, following the decision of the court, he promptly locked the door leading to the room in which the records are kept, claiming that as a part of the jail, and has refused access to the room by any of the officers having records therein. The county then brought this action to permanently restrain him from acts of that character; and on motion the court granted a temporary injunction so restraining him during the pendency of the action. The appeal is from that order.

The appeal is manifestly' without merit. It requires no discussion of the facts or the law to demonstrate the entire propriety of the action of the trial court in holding, by the temporary injunction, matters *in statu quo* pending the action. The public interests are of far greater importance than any right the sheriff is shown to possess in or to the building.

It is therefore ordered that the appeal be and the same is hereby dismissed. Johnson v. St. Paul City Ry. Co. 68 Minn. 408, 71 N. W. 619.