## CHARLES H. CURTIS v. COUNTY OF LINCOLN.[1]

### February 2, 1917.

### Nos. 20,101—(226).

**County building — use by county officers — sheriff's residence.**

> Where the county constructed a building for a jail and sheriff's residence and fitted up and used one cell-room as a jail, but, having no other county building, appropriated the remainder of the building for use as county offices and installed the several county officers therein,

[1]Reported in 161 N. W. 210.

the sheriff cannot oust the other county officers therefrom for the purpose of appropriating the building to his personal use as a residence.

Action in the district court for Lincoln county by the sheriff of that county to recover possession of the sheriff's residence and the county jail, and to recover $3,240 damages for withholding possession from him and $2,000 damages for defendant's failure to procure such residence. The case was tried before Olsen, J., who made findings and ordered judgment in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Mathews & Mathews,* for appellant.

*Louis P. Johnson,* County Attorney, and *E. B. Korns,* for respondent.

TAYLOR, C.

In 1904, the county seat of the county of Lincoln was changed from Lake Benton to the village of Ivanhoe. In the same year the county completed a building at Ivanhoe which was designed for a jail and sheriff's residence. The jail portion of the building was of fireproof construction and was divided into two cell-rooms. One cell-room was provided with cells and fitted up as a jail, and has ever since been used as such; the other remains unfinished and has never been used for jail purposes. The county had no other building at Ivanhoe, and, as soon as this was completed, assigned the rooms in the portion thereof designed ultimately for the sheriff's residence to the several county officers and installed them therein. The cell-room not used for jail purposes being fireproof, was appropriated for use as a vault in which to keep the county records. This arrangement has continued ever since, and the county does not yet possess any other building at the county seat. Ever since 1904, the sheriff has had an office in the so-called residence portion of the building, and has had the custody and control of that part of the so-called jail portion of the building fitted up and used as a jail, but has never been furnished with a residence by the county.

In 1916, the sheriff brought this action against the county to obtain possession of the entire building, and to recover damages for having been deprived of its use during the preceding six years. The court

directed judgment for defendant, and the sheriff appealed from an order denying a new trial.

The county acts through its board of county commissioners, and the management and control of its property and the transaction of its business affairs is vested in this board, except as otherwise provided by law. G. S. 1913, §§ 668, 670, 696; Cushman v. Board of Co. Commrs. of Carver County, 19 Minn. 252, 254 (295); Grannis v. Board of Co. Commrs. of Blue Earth County, 81 Minn. 55, 83 N. W. 495.

The statutes make it the duty of the county board to provide a court house and jail, and to provide offices for certain specified county officers. G. S. 1913, §§ 671, 692. As soon as the building in question was completed the board appropriated all thereof, except the cell-room fitted up and used as a jail, for use as offices for the several county officers. Such action was within the power of the board unless it contravened some statutory provision. The fact that the building, while in process of construction, was designated as a jail and sheriff's residence did not take from the county the power to appropriate it to other purposes.

In order to maintain this action the sheriff must point out some statute which gives him the right to the possession of the building. He is given the care, custody and control of the jail (G. S. 1913, §§ 934, 9349, 9350); but the duty to provide the jail, including the duty to determine of what it shall consist and its construction and equipment, devolves upon the county board. They have provided a jail which has always been ample for the needs of the county, and the sheriff has always had the custody and control of it. The statute requires the board to provide the sheriff with an office (G. S. 1913, § 692); they have done so by assigning him a room in this building, and he has occupied it as an office during his several terms. Section 9334, G. S. 1913, authorizes the board to construct and maintain a jail, "and also, adjoining and connected therewith, a residence for the use of the sheriff." He contends that, as this building was originally constructed for a jail and sheriff's residence, this statute gives him the right to the exclusive possession and use of the entire building. We are unable to sustain his contention. This statute is a grant of power, and, in form, is permissive, not mandatory, while the statutes, previously cited, requiring the board to provide a jail and offices for the county officers are mandatory. But,

if we were to construe this provision as mandatory, it would not avail plaintiff. The building has never been fitted up or occupied as a residence, nor appropriated to use as such; but all of it, except the jail, has been used exclusively for office purposes by the county officers ever since it was constructed. The county possesses no other building suitable for use as offices; and the public interests served through these public offices are superior and paramount to the private interest of plaintiff. County of Lincoln v. Curtis, 134 Minn. 473, 159 N. W. 129.

What duty, if any, rests upon the county to provide the sheriff with a residence, or to provide the other county officers with other and different quarters is not the question presented here. The county has provided these offices, and no others, and has installed the several county officers therein; and the public business is now being transacted in such offices. The question presented here is whether, under such circumstances, the sheriff can oust the other officers from the quarters occupied by them for the transaction of the public business, for the purpose of appropriating such quarters to his personal use as a residence. We have no hesitation in saying that he cannot.

Order affirmed.