## Klein v. Commonwealth ex rel. Sheriff of Jefferson County et al.

(Decided Jan. 11, 1938.)

JULIAN N. ELLIOTT (BATSON & CARY, of counsel) for appellant.

LAWRENCE S. GRAUMAN and STUART E. LAMPE for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment in a case which has been traveling back and forth in the courts for a period of more than ten years. The litigation began in 1925, and resulted from the appellant's refusal to list certain shares of stock for taxation. On July 1, 1924, he was the owner of 4,091 shares of the common stock of the Standard Sanitary Manufacturing Company, which the county tax commissioner of Jefferson county listed for taxation at the value of $95 a share. Insisting that the shares were not taxable for reasons not now necessary to mention, he applied to the Board of Tax Supervisors of Jefferson county for relief from the as-

sessment. The board denied the relief sought by him, and he appealed to the Jefferson quarterly court, which sustained the action of the Board of Tax Supervisors. He appealed to the Jefferson circuit court which sustained the judgment of the quarterly court, and he then appealed to this court, which affirmed the judgment of the Jefferson circuit court June 21, 1929. Klein v. Jefferson County Board of Tax Supervisors, 230 Ky. 182, 18 S. W. (2d) 1009. The judgment of the Court of Appeals of Kentucky was affirmed by the Supreme Court of the United States November 24, 1930. Klein v. Board of Tax Supervisors of Jefferson County, 282 U. S. 19, 51 S. Ct. 15, 75 L. Ed. 140, 73 A. L. R. 679.

Pursuant to the mandates issued by this court and the Supreme Court of the United States, an order was entered in the Jefferson circuit court on May 19, 1931, directing the clerk of the Jefferson county court to issue a tax bill assessing for taxation as of July 1, 1924, 4,091 shares of common stock of the Standard Sanitary Manufacturing Company, at a valuation of $95 a share, against the appellant, Junius C. Klein, for state taxes for the year 1925, and adjudging that the tax should bear interest at the rate of 6 per cent. per annum from December 1, 1925. Pursuant to this order, the county clerk made out the tax bill which called for the payment of $1,943.23, with interest thereon from December 1, 1925. The tax bill was placed in the hands of the Sheriff of Jefferson County for collection. The sheriff made demand on appellant for the payment of the tax bill, and payment was refused; and, being unable to locate any property belonging to appellant out of which to satisfy the tax bill, it was returned January 4, 1936, with this indorsement thereon:

"I hereby certify that I was unable to locate sufficient or any personal property of the delinquent Junius C. Klein, out of which to satisfy this tax bill or any part thereof; that I was unable to locate any land, title to which was or is in the name of said taxpayer, that I was further unable to locate any real estate owned by said taxpayer on July 1, 1924, out of which to make said tax bill or any part thereof.

"[Signed] H. Watson Lindsey,
"By J. M. Eskridge,
"Deputy Sheriff."

In the meantime, Klein had appealed from the judgment of the Jefferson circuit court entered on May 29, 1931, fixing the amount of taxes due and adjudging interest thereon at the rate of 6 per cent. per annum from December 1, 1925. It was argued on that appeal that the judgment of the Jefferson circuit court, requiring the taxpayer to pay interest from any time prior to the entry of the judgment, was erroneous. The judgment was affirmed by this court. Klein v. Jefferson County Board of Tax Commissioners, 242 Ky. 328, 46 S. W. (2d) 480.

On September 18, 1936, the Sheriff of Jefferson County brought an equitable action in the Jefferson circuit court, pursuant to section 4169 of the Kentucky Statutes, to enforce collection of the taxes which had been adjudged to be due the Commonwealth. He prayed a general attachment against the defendant's property, and that the defendant be required to state under oath what property he had and to surrender sufficient of same to satisfy the tax, interest, penalties, and costs. A demurrer to the petition was overruled, and the defendant filed an answer which was in four paragraphs. A demurrer to the answer was sustained and, the defendant having declined to plead further, it was adjudged that the Commonwealth of Kentucky was entitled to recover of the defendant the sum of $1,943.23, together with interest thereon at the rate of 6 per cent. per annum from December 1, 1925, and the further sum of $116.59, being the 6 per cent. penalty provided for in section 4148 of the Kentucky Statutes, as amended by Acts 1908, c. 35, sec. 1, and the further sum of $652.92, being 20 per cent. penalty provided for in section 4170 of the Kentucky Statutes. From that judgment, the defendant has appealed.

It is first insisted that the mandate of this court should have been issued to the Jefferson quarterly court, and that the Jefferson circuit court was without authority to direct the issual of a tax bill, and that its judgment entered May 29, 1931, was null and void. After the case was appealed from the Jefferson quarterly court, it was tried de novo in the Jefferson circuit court, and it was the judgment of that court which was affirmed by this court, and the mandate was properly issued to the Jefferson circuit court. The judgment of May 29, 1931, conformed to the mandate of this court and was proper.

It is next insisted that the court erred in adjudging

that the Commonwealth was entitled to the penalties provided for in sections 4148 and 4170 of the Kentucky Statutes. It is argued that these sections apply only when the taxpayer has failed to list his property or when he is delinquent and has not appealed, and do not apply where the taxpayer has exercised his right of appeal under section 4128. If it be conceded that this argument is sound, the appellant is not saved from the imposition of the penalties, since he not only failed to list the shares of stock in question, but contested the right of the tax commissioner to place the property upon the assessment roll. Section 4148, as it read when appellant's taxes were due, provided that any person failing to pay his taxes by the first day of December in the year following the assessment for such taxes should pay a 6 per cent. penalty. No exception was made.

Section 4169 of the Kentucky Statutes provides that on the return of "no property found" on any tax warrant issued on the delinquent list, the sheriff may institute an equitable proceeding in the name of the Commonwealth in any court of competent jurisdiction, and the choses in action or other equitable estate of the delinquent may be subjected to the amount due on any such warrant. Section 4170 reads in part:

"All persons or corporations against whom an execution has been returned 'no property found,' and upon which an equitable action is instituted, as provided in the preceding section, shall be liable for and pay a penalty of twenty per cent (20%) on the amount due on such execution, which penalty may be recovered in such equitable action, with the amount due on the execution."

When the appellant refused to pay the amount specified in the tax bill when demand was made of him for the collection of the taxes, he rendered himself subject to the penalty fixed in section 4170.

In paragraph III of the answer it was alleged that by a judgment rendered in the Jefferson circuit court the defendant was awarded an injunction restraining the Sheriff of Jefferson County from collecting the taxes on the Standard Sanitary Manufacturing Company stock owned by him, based on the valuation of $95 a share. An attested copy of the judgment was filed with the answer as an exhibit. The judgment referred to in the

answer was rendered December 31, 1925, and it is argued that the tax bill, which was the subject-matter of that action and judgment, is the same tax bill involved in this action, and since that judgment has never been appealed from, modified, or reversed, it constitutes a bar to this action. The judgment awarding the injunction to appellant reads:

"This action having been heard and the Court being sufficiently advised it is ordered by the Court that the defendant, H. O. Gray, Sheriff of Jefferson County, be and he is hereby enjoined from collecting the sum of $2,880.75 of the taxes shown on State and County tax bill No. 80,106, made out in the name of the plaintiff, Junius C. Klein, for the year 1925, same being State taxes on 45,591 shares of common stock of the Standard Sanitary Manufacturing Company, the assessment of which has been appealed and has never been determined, and said amount of taxes having been erroneously placed upon said tax bill and said tax bill to the extent of the aforesaid amount is erroneous, and void."

The tax bill referred to in the judgment granting the injunction is not the tax bill upon which this action is based. They are for different amounts, and the tax bill in this case was issued several years after the judgment granting the injunction was rendered. Furthermore, that injunction was solely for the purpose of protecting the defendant in that action while his appeal from the judgment declaring the property subject to taxation was pending. When the case was finally decided on its merits, adverse to his contention, the injunction became inoperative. He filed a similar suit to enjoin the collection of taxes on the same stock assessed to him as of July 1, 1925, and the circuit court granted an injunction similar to the one relied upon as a bar to this action. That case came to this court, and the nature, extent, and purpose of the injunction was explained in the opinion in Cossar, Sheriff v. Klein, 227 Ky. 768, 14 S. W. (2d) 160, 161. In the course of the opinion it was said:

"The question remains whether Klein was entitled to an injunction to maintain the status quo until final settlement of the litigation. Section 4128, Kentucky Statutes, contemplates when an appeal is taken that no tax bill shall be made out, as it is

made the duty of the county attorney to notify the state tax commission in writing of such appeal. When an appeal is taken, no final assessment as to the appellant can be made until the appeal is disposed of, and any tax bill issued in the meantime is premature and unauthorized. When the appeal is finally disposed of, a new tax bill will have to be prepared conforming to the final judgment in the case, and until that time, no tax bill should be sent to the sheriff or collected by him. Com. v. Southern Pacific Company, 169 Ky. 296, 183 S. W. 925.

"It is insisted, however, that section 4128, Kentucky Statutes, is the only remedy provided for a taxpayer, and that the case presents no grounds for an injunction. But the appellee is not seeking an injunction against the assessment or valuation of his property for taxation, as those questions will have to be determined on the appeal. What the plaintiff asks is that collection of the tax bill shall be restrained until, by due procedure, it is finally determined what tax, if any, is due. He is seeking an injunction only for the purposes of maintaining the status quo and protecting his rights from irreparable injury pending the appeal. A court of equity will grant relief of this kind when there is no adequate remedy at law. Western Union Tel. Company v. Louisville, etc., R. Co. (D. C.) 201 F. 946, affirmed (C. C. A.) 207 F. 1; Lincoln County v. Curtis, 134 Minn. 473, 159 N. W. 129.

"There is no provision for a supersedeas on an appeal from the board of supervisors to the quarterly court, and, if the tax bill could be collected while the case is pending in the quarterly court, the taxpayer would be remediless. Such being the case, the taxpayer has no adequate remedy at law, and it is in the power of a court of equity to enjoin the sheriff from collecting the premature tax bill until its validity has been finally determined."

In paragraph IV of the answer, the 5-year statute of limitations was pleaded. Ky. Stats. sec. 2515. The judgment directing the county clerk to issue the tax bill was rendered May 29, 1931, and the tax bill was issued at that time. This action was not instituted until September 18, 1936. The appellant refused to pay the tax

bill when demand was made of him, and permitted a return of "no property found" to be made. He prevented the collection of the tax bill by legal action until March 11, 1932, when the mandate was issued in the case of Klein v. Jefferson County Board of Tax Com'rs, 242 Ky. 328, 46 S. W. (2d) 480. The return "no property found" was made January 4, 1936, and this action was instituted a few months thereafter. Section 4169 of the Kentucky Statutes provides that the sheriff may institute the equitable proceeding therein provided for within 10 years after the tax bill has been returned "no property found."

We conclude that the circuit court properly sustained the demurrer to each paragraph of the answer. As was said by the chancellor in his written opinion overruling the demurrer to the petition:

> "The defendant has not only had one day, but has actually had a full week of days in court on the question of liability of this stock to tax assessment, and it would appear to the court that further litigation of the matter is unnecessary."

The judgment is affirmed.