## Thomas' Ex'x v. Commonwealth et al.
## Commonwealth et al. v. Thomas.

November 30, 1948.

Rodes, Harlin & Willock for Carrie B. Thomas.

Truman H. Demunbrun and V. R. Logan for Commonwealth and others.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming in part, reversing in part.

This appeal is the culmination of a twenty year battle between Dr. H. B. Thomas and Edmonson County involving the taxation of Crystal Cave, the entrance to which is near the border line between Hart and Edmonson Counties. During that period Dr. Thomas died and the case has been revived in the name of his widow and executrix, appellant herein. The principal thing that has kept the dispute alive has been the uncertainty of the boundary line between Hart and Edmonson Counties, appellant contending that the cave property is in Hart County and the Edmonson County officials contending that it is in Edmonson County. Involved in this appeal is a consolidation of ten cases, one of which appears to be a duplication, leaving in reality nine cases. These fall into three categories, (1) suit No. 4209 filed in January 1941 by the Revenue Agent of Kentucky to assess as omitted property seven parcels of land owned by Dr. Thomas, alleged to lie in Edmonson County and covering the tax years of 1933 to 1939 inclusive, a seven year period; (2) seven separate injunction suits filed by Dr. Thomas against the proper officials of Edmonson County to enjoin collection of taxes or sale of his property thereunder for six years, the suit numbers and tax years involved being as follows: No. 4200 for 1941; No. 4245 for 1942; No. 4275 for 1943; No. 4305 for 1944; No. 4333 for 1945; No. 4372 for 1946 and No. 4416, a duplication of No. 4372, for the year 1946; (3) suit No. 2586 which is a direct appeal from the action of the Edmonson County Board of Supervisors in assessing 48 acres of land, on which is located the entrance of Crystal Cave, at $100,000 and involves the tax year 1947. The other suits, No. 2507 and No. 2508, are common law suits for damages brought by Edmonson County on injunc-

tion bonds which had been executed by Dr. Thomas to prevent sale of his lands for the years between 1928 and 1931. These latter two cases were consolidated and heard with the other cases and are involved in the separate appeal listed in the caption but consolidated and considered together in this opinion.

### The Revenue Agent Suit No. 4209

Controversy between Dr. Thomas and the taxing and tax collecting authorities of Edmonson County began when in 1928 Edmonson County authorities assessed the Dr. Thomas cave property at $10,000. Subsequent assessments up to 1931 and attempted collections thereunder, which led to injunction suits filed by Dr. Thomas against Edmonson County officials, finally reached this court in the case of Thomas v. Parsley, 283 Ky. 393, 141 S. W. 2d 302, 307, decided January 19, 1940. The sole question involved in that case was the location of the tracts of land in question, whether in Hart or Edmonson, and in which this court said: ''We have had little or no difficulty in reaching the conclusion, upon consideration of all the evidence, including acts, surveys, reports and maps, as well as oral evidence, that appellant's cave property is located in Edmonson County, which was the sole question before the trial court, and the only one here. We are unwilling and decline to undertake the establishment, for all purposes, the boundary line between the counties involved, or which might become involved. The way the case has been presented and proof adduced, would hardly justify us in determining a question of so far reaching possibilities.''

After the decision of the above case and evidently relying on it as determining the location of Dr. Thomas' properties as being in Edmonson County, the proper officials of that county and the Commissioner of Revenue of the Commonwealth of Kentucky brought this suit No. 4209 in the County Court against Dr. Thomas in January 1941 for taxes alleged omitted for the assessment years 1932 to 1938 inclusive, covering the tax years 1933 to 1939 inclusive on seven tracts. The assessed value claimed for each of the seven years was $75,000 for the 48 acre tract under and on which Crystal Cave was principally located and from $100 to $500 on each of the other six tracts involved, or a total of $76,600. The

petition asked that the property be assessed for each of the omitted years and for 6% interest and 20% penalty as provided by Sec. 4060-1 Baldwin's 1938 Sup. Carroll's Ky. St. then in effect.

To this petition Dr. Thomas filed his answer denying its allegations and for further defense stated that for all the years mentioned each of the tracts listed in plaintiff's petition, except tracts 6 and 7, had been duly listed with and had been assessed by the proper authorities of Hart County; that defendant had paid all taxes due thereon and the Commonwealth of Kentucky had received its share of said taxes paid for these years through Hart County officials; that tracts 6 and 7, admitted by him to be in Edmonson County, had been listed in and assessed in Edmonson County and the Commonwealth had received its share of said taxes on these two tracts through Edmonson County officials; that defendant had in good faith listed and paid taxes in Hart County on five of the seven tracts in the belief that they were located in that County and on the other two tracts had listed and paid taxes thereon in Edmonson County; that all this was known to the taxing authorities of Edmonson County and they were now estopped from claiming that taxes for the years involved had been omitted; that for said property to be again assessed and taxed would be unjust, inequitable and a fraud upon his rights. He further pleaded that the taxes sought to be assessed were barred by the statute of limitations.

Demurrer to this answer was sustained and judgment was entered in the County Court assessing the seven tracts for the years 1932 to 1938, covering tax years 1933 to 1939, at $76,000 for each year. On appeal to the Circuit Court, the case, along with the other cases involved in the present appeal to this Court, came before Honorable John E. Richardson, duly appointed Special Judge, for decision. In his opinion on this case Judge Richardson, due no doubt to the confused state of the record and the lack of consecutive order in the filing of papers and pleadings in the case, states that no answer is shown in the record. This refers to the original answer filed in the County Court, a resume of which is set out above in the present opinion. Judge Richardson, therefore, had before him only an "Amended Answer and Amended Petition" tendered February 18,

1947, after the present counsel of record were employed by Dr. Thomas. This was a sort of consolidated amended answer and amended petition filed in the consolidated cases in an effort to draw together and clarify the issues involved. This was ordered filed by the Special Judge. On his assumption that no answer was filed in the County Court to the Revenue Agent's suit No. 4209, the Special Judge says, ''Therefore, in this action involving the question of assessing (omitted) taxes, there is no denial of the allegations contained in the petition and it appears that the defense in this case is that the valuation the plaintiffs seek to place on the land is exorbitant and at a much higher value than other lands are assessed in Edmonson County. There is a further plea of the five year statute of limitations.'' He then proceeds to apply the five year statute of limitations, KRS 132.290, and holds that under that statute assessment on the omitted taxes was barred for the assessment years 1932 to 1935 (tax years 1933 to 1936) inclusive but sustained the assessment for assessment years 1936 to 1938 (tax years 1937 to 1939) inclusive.

In his answer filed in the County Court by the defendant, Dr. Thomas, to the petition of the Commissioner of Revenue and Edmonson County, it seems to us a defense was presented aside from and in addition to the statute of limitations. These defenses, as heretofore set out, were that he had been assessed and paid taxes for the years involved on two of the tracts known to be located in Edmonson County and had been assessed and paid taxes to Hart County for the years involved on the other tracts believed in good faith to have been located in Hart County; that the Commonwealth had received its proportionate share of all of said taxes; that distribution of the funds received from said taxes had been made by the respective counties of Hart and Edmonson and that it would be inequitable and unjust to again reassess this property under these circumstances. The allegations of the Commissioner of Revenue and Edmonson County having been controverted by answer of the defendant and no proof having been taken on this issue, the plaintiff's case failed for want of proof.

It must be remembered that until the decision of this Court in the case of Thomas v. Parsley, supra, in 1940, it was uncertain whether the lands of Dr. Thomas

were in Hart or Edmonson County and the omitted assessments involved in this case No. 4209 were all for years prior to that decision and assessments and collection of taxes made in good faith for those years by the respective counties should not be disturbed. "Omitted property" contemplated by our assessment statutes is property which is not assessed at all. It does not mean that property which by mistake and in good faith has been assessed in the wrong county in the belief that it was located in that county, may be treated as "omitted property."

That part of the judgment of the lower court holding the property of the defendant, Dr. Thomas, assessable as omitted taxes for the tax years 1937, 1938 and 1939, is reversed with directions to dismiss the petition of the Commissioner of Revenue and Edmonson County which sought to assess and collect taxes for the tax years 1933 to 1939, inclusive.

### The Injunction Suits No. 4200 to No. 4416

These suits, seven in number, were instituted at various times between 1941 and 1946 by plaintiff, Dr. Thomas, to enjoin the sheriff in office at the particular time from selling his property for taxes for the years 1941 to 1946 inclusive. The allegations of each petition are practically the same and are in substance that the plaintiff is the owner of a tract of land located in Hart County which includes a tract of about 48 acres known as the Crystal Cave tract; that it was assessed for taxes by Hart County for the particular year and the taxes paid thereon; that the attempted assessment of said property for $100,000 for each of these years by Edmonson County was arbitrary, wrongful and illegal and if the sheriff is permitted to sell said property to satisfy the tax bill thereon, he will be deprived of his property without due process of law. In most of the petitions it is also alleged that the property was assessed by Edmonson County without notice to plaintiff.

The answers filed in each case by the defendant denied the allegations of the petition and pleaded res adjudicata as to the location of the land, whether in Hart or Edmonson County, by reason of the decision of the Court of Appeals in the case of Thomas v. Parsley, 283 Ky. 393, 141 S. W. 2d 302, decided in 1940.

In his brief appellant contends that the defense of res adjudicata was not properly pleaded. Technically it does not conform in all respects to correct pleading as is true of many of the pleadings in this confused record. However, it did direct defendant's attention to the decision of this Court in the very litigation in which the plaintiff and defendant had been engaged concerning the location of this cave property. We think the plea set up by defendant that the property had been determined by the court of last resort to be in Edmonson County in 1940 was a good defense to plaintiff's plea after that date that it was located in Hart County, which was the principal ground upon which plaintiff's injunction was sought in each case.

After the decision of this court in the Thomas-Parsley case in 1940 which decided, right or wrong, that the cave property of Dr. Thomas was located in Edmonson County, it was his duty to list his property in that county and to see that it was no longer listed in Hart County. If the assessment placed on the property by the Tax Commissioner or the Board of Supervisors of Edmonson County was higher than he thought it should be, or arbitrary or unreasonable, it was his privilege to appeal to the Circuit Court and by proper proof determine the proper value of this cave property, all of course subject to final appeal to and review by this Court. Instead he waited until the property was about to be sold by the sheriff for delinquent taxes and then sought an injunction against the sheriff to prevent the sale in each case.

We have held that a void assessment may be attacked by injunction but not one which is merely voidable by reason of irregularities. Reeves v. Service Lines, 291 Ky. 410, 164 S. W. 2d 593. We do not think the assessment of this property for the years 1941 to 1946 was void for any of the three principal reasons relied on by appellant. One of these reasons, that the property was in Hart County, not in Edmonson, has heretofore been discussed. Another reason relied on is that no notice was given to Dr. Thomas by the Board of Supervisors of Edmonson County of the assessment or raise in the assessment for these years. From such competent proof as is shown in the record, we are of the opinion, as was the trial court, that appellant had legal

notice of these assessments by the Board. These notices, while not always in strict accord with the various provisions of the statutes in effect during the period covered by these assessments, several changes having been made in this period, were such as to give Dr. Thomas actual notice of the assessments by the Board for the years in question. The other reason relied on, that the assessment placed on the property was so far beyond its fair cash value as to be arbitrary, capricious, fraudulent and void, was clearly one from which he could have sought relief by appeal. Ordinarily courts will not permit a tax payer to invoke the extraordinary power of a court of equity to enjoin and restrain the collection of taxes under circumstances shown in these cases. After the decision of 1940 that the cave property was located in Edmonson County, there was no longer any real ground for injunctive relief against the tax as being void but the relief, if any, was by appeal by the methods prescribed by the statutes.

However, appellants took additional proof early in 1947, before the case was submitted, in an effort to show the valuation placed on the land by the Board of Supervisors was excessive. The lower court, after considering such of that testimony as was competent and all other evidence and exhibits that had been filed in the case, reached the conclusion that there was no showing that the Board of Supervisors had assessed the property arbitrarily, fraudulently, oppressively, discriminatorily or excessively. We have carefully examined the testimony and while we think it unnecessary to review it here, it is our opinion that the Special Judge sitting in the case reached the correct conclusion under the evidence.

That part of the judgment of the lower court dissolving temporary restraining order and denying a permanent injunction in each of the above suits is affirmed.

### The 1947 Taxes—Suit No. 2586

This suit resulted from a direct appeal to the Circuit Court from the action of the Board of Supervisors of Edmonson County fixing the assessment of the 48 acre tract of land under and on which Crystal Cave, belonging to Dr. Thomas, is located. In his statement of appeal Dr. Thomas listed as his grounds for appeal (1) that said 48 acres of land so assessed lie in Hart County;

(2) that the assessment made by said Board at $100,000 is arbitrary, fraudulent, discriminatory and void; (3) that said 48 acre tract of land was not assessed at its fair cash market value but at more than ten times its fair cash market value.

The answer filed by the Board of Supervisors denied the allegations contained in the statement of appeal. It further pleaded that the assessment of $100,000 for the tract in question was made by the Tax Commissioner of Edmonson County and the Board of Supervisors merely adopted the assessment of the Tax Commissioner and neither raised or lowered the assessed valuation and that the Edmonson Circuit Court was without authority to entertain an appeal from the Board of Supervisors because there had been no appeal to that Board from the assessment by the Tax Commissioner. The answer further pleaded that by the decision of the Court of Appeals in the case of Thomas v. Parsley, 283 Ky. 393, 141 S. W. 2d 302, it had been adjudicated that the property in question is located in Edmonson County and appellees herein rely on that decision as a bar to any further proceedings relative to the location of this property and as a plea of res adjudicata. No mention was made in this answer to the Act of 1946, c. 107, which again attempted to fix the boundary line between Hart and Edmonson counties and about which more will be said later.

In the opinion of the Special Judge filed in the record, no mention is made of this case No. 2586. However, in his final judgment entered in the case, the appeal of Dr. Thomas from the action of the Board of Supervisors was sustained because, it is said in the judgment, the Board failed to attack the constitutionality of the Act of the 1946 Legislature by pleading the unconstitutionality of that Act by which the Legislature attempted to place the property here involved in Hart County. The effect of this part of the judgment is to deny the right of Edmonson County to tax the 48 acres in question for the assessment year 1946, tax year 1947.

This brings us to the question whether the plea of res adjudicata raised by the Board of Supervisors to ground (1) of the appeal of Dr. Thomas referred to above, that the 48 acre tract lies in Hart County, is good,

or whether that plea is rendered ineffective as to these 1947 taxes by the 1946 Act. Had the 1946 Act not become effective before July 1 of that year, which is the assessment date for the 1947 taxes herein involved, then the plea of res adjudicata would have been good as it was in the other suits involving the taxes from 1941 to 1946 as hereinbefore held. After the effective date of that Act, which was prior to July 1, 1946, the plea of plaintiff, Dr. Thomas, that the property sought to be assessed by Edmonson County was in Hart County, was a good one because our holding in Thomas v. Parsley, supra, that the property was in Edmonson County under the facts shown in that case had to yield to the 1946 Act fixing the boundary line between the two counties in such way as to place the Crystal Cave property of Dr. Thomas in Hart County. In other words, the plea of res adjudicata, relied on by Edmonson County after our decision in 1940, was no longer good after the 1946 Act became effective.

The Act of 1946, which is Chapter 107 of the Acts of that year, established as the true boundary line between Barren, Hart and Edmonson Counties a line surveyed, plotted and marked by the Boundary Commission, created and appointed pursuant to Chapter 179 of the Acts of 1944, with the exception of certain tracts of real estate which, according to the records of Hart County as of February 1, 1946, are owned by the following named persons, to wit: (here follows the names of twenty-one persons including the Crystal Cave lands of H. B. Thomas.) The Act declared these named tracts, part of which lie west of the surveyed line, shall be included in and constitute part of Hart County. Since the constitutionality of that Act was not attacked and that question has not been raised, 't is not necessary for us to pass on that question. It is sufficient for the purposes of this decision that under that Act the Crystal Cave property of Dr. Thomas is shown to be in Hart County and therefore, not subject to taxes for the year 1947 in Edmonson County. It is, therefore, unnecessary for us to consider grounds (2) and (3) raised by Dr. Thomas in his appeal from the Board of Supervisors to the Circuit Court. That part of the judgment of the lower court sustaining the appeal and denying Edmonson County the right to levy taxes on the 48 acre tract for 1947 taxes is affirmed.

The Common Law Damage Suits
No. 2507 and No. 2508

These two suits for damages were brought by Edmonson County by and through its Fiscal Court for damages for $2,038.66 in each case. This damage in each case, as alleged in the petitions, resulted from the employment by plaintiff of special counsel at a cost of $1,-150 and the expenditure of $888.66 in making a survey of the boundary line between Hart and Edmonson Counties, both necessitated by the injunction obtained by Dr. Thomas against the officials of Edmonson County to prevent the collection of taxes in dispute between them. It is not clear from the pleading what tax years are involved but it appears to be for some of the years between 1928 and 1931. When the injunction was finally dissolved, as the result of our decision in Thomas v. Parsley, supra, in 1940, these suits were filed against Dr. Thomas and the surety on the injunction bond in each case. They were finally consolidated and heard with the other cases involved in this appeal. The opinion of the Special Judge made no reference to these cases nor his reason for so holding but in his final judgment he held that the plaintiff was not entitled to recover in these two actions and each of them was dismissed. Plaintiffs were granted and have prosecuted this appeal.

It is well settled by our decisions that when the injunction is the sole relief sought or if the right to the injunction is determined solely by the result on the merits of the case, no recovery on the bond is allowed for attorneys' fees or other extraordinary costs. Avondale Heights Co. v. Proctor, 224 Ky. 188, 5 S. W. 2d 1054 and cases therein cited. It is only where the injunction is merely in aid of the relief sought, or is relied on to secure the relief when obtained or to prevent the commission of an act that would result in injury before termination of the action, that attorneys' fees or extraordinary expenses may be recovered. Strong v. Duff, 228 Ky. 615, 15 S. W. 2d 517.

The purpose of the injunction suits filed in these cases by Dr. Thomas was that the sheriff of Edmonson County, therein named, be enjoined and restrained from selling the lands of Dr. Thomas for taxes for the years in question and that further proceedings under the

threatened sale be stayed until the final judgment of the court determining whether said lands were taxable in Edmonson County. We think the injunctions were not merely in aid of the relief sought in the suits in which they were issued, but were the sole relief asked and were denied on final hearing. No recovery on the bonds can, therefore, be allowed for attorneys' fees and extraordinary costs such as surveying costs in these cases in which the injunction was the end to be achieved. See Holt's Adm'r v. Johnson, 247 Ky. 180, 56 S. W. 2d 962, where such recovery was denied in a similar case involving an execution sale.

For the reasons herein indicated, the judgment of the lower court denying recovery in these two cases is affirmed.

### Conclusion.

So much of the judgment appealed from as holds that the seven tracts of land referred to in suit No. 4209 should be assessed for taxes for the years 1937, 1938 and 1939 is reversed. The remainder of the judgment, covering all consolidated cases, is affirmed.