COMMONWEALTH of Kentucky, Edmonson County, Edmonson County Board of Supervisors, et al., Appellants,

v.

Carrie B. THOMAS, Appellee.

Court of Appeals of Kentucky.

May 13, 1955.

Rehearing Denied Oct. 7, 1955.

T. H. Demunbrun, V. R. Logan, Brownsville, for appellants.

R. M. Coleman, Bowling Green, for appellee.

CLAY, Commissioner.

For a great many years a controversy had existed as to whether or not appellee's real estate (which includes Crystal Cave) is located in Edmonson or Hart County. In Thomas v. Parsley, 283 Ky. 393, 141 S.W.2d 302, we affirmed a judgment specifically adjudicating that the land was in Edmonson County.

In 1946 the legislature defined with certainty the theretofore questionable boundary line between the counties of Barren, Hart and Edmonson. Chapter 107, Acts of 1946. The establishment of this boundary placed the property in Hart County.

In 1948 the Edmonson County Board of Supervisors attempted to assess this property in Edmonson County. On an appeal to the circuit court the assessment was adjudged null and void, on the ground that the 1946 Act located the land in Hart County.

The only issue presented in the lower court and on this appeal is whether or not the 1946 Act is unconstitutional insofar as it places appellee's property in Hart County. Clearly the Act had such an effect. Thomas' Ex'x v. Commonwealth, 308 Ky. 695, 215 S.W.2d 546.

■ As a general rule, the legislature has power to define questionable boundary lines between counties. 20 C.J.S., Counties, § 17. Appellants contend, however, that the 1946 Act effectively transferred property in Edmonson County to Hart County in violation of Sections 64 and 65 of the Kentucky Constitution, which require a vote of the people if a county is to be divided or any part stricken therefrom.

That the fixing of a boundary line by the legislature, which is uncertain and unidentified, does not constitute the striking of territory from a county in violation of similar constitutional provisions was decided in Barton v. Sanpete County, 49 Utah 188, 162 P. 611. A like decision was rendered by the Texas Supreme Court in Hunt County v. Rains County, 116 Tex. 277, 288 S.W. 805.

The present controversy, however, involves an element not considered in the foregoing cases. Prior to 1946 there had been a final judicial determination that the property here involved was located in Edmonson County. It seems clear to us that this adjudication at least had the effect of definitely fixing the boundary line between Edmonson and Hart counties insofar as the location of appellee's land was concerned. As to this property, it cannot be said that the boundary line was unknown, uncertain or unidentified.

■ By virtue of a valid judicial determination the particular territory we are considering is a part of Edmonson County and was a part thereof in 1946. The legislative act had the effect of striking this territory from Edmonson County and adding it to Hart County. There not having been the required vote of the people provided by Sections 64 and 65 of the Kentucky Constitution, the Act violated those constitutional provisions. We must, therefore, declare the Act unconstitutional insofar as it purports to transfer appellee's property out of Edmonson County.

It follows that Edmonson County had the right to assess appellee's land for taxation and the trial court erroneously declared such assessment void because of the 1946 Act.

The judgment is reversed.