**COMMONWEALTH of Kentucky et al.,**
**Appellants,**

**v.**

**Mrs. Carrie B. THOMAS, Executrix of**
**H. B. Thomas, deceased, Appellees.**

Court of Appeals of Kentucky.

Feb. 1, 1957.

T. H. Demunbrun, V. R. Logan, Brownsville, for appellants.

Coleman, Harlin & Orendorf, Bowling Green, for appellees.

CLAY, Commissioner.

The principal question involved on this appeal is the right of Edmonson County to collect penalties and interest on taxes assessed for the years 1947 through 1954 against 48 acres of real estate, which includes Crystal Cave. The question presented is unique because of a special statute and three opinions of this Court involving the taxable situs of the property.

For many years a dispute existed as to whether or not the property was located in Edmonson County or Hart County. In Thomas v. Parsley, 283 Ky. 393, 141 S.W.2d 302, we adjudged it to be in Edmonson County. In 1946 the legislature enacted Chapter 107, Acts of 1946 declaring the property to be located in Hart County. In Thomas' Ex'x v. Commonwealth, 308 Ky. 695, 215 S.W.2d 546, it was held that taxes for the year 1947 could not be assessed by Edmonson County because of this statute, its constitutionality not having been called in question.

Since 1941 through 1954 Edmonson County has attempted to assess this property, even though after the enactment of

the statute the property owner paid taxes in Hart County.

In 1948 the statute was attacked, and in Commonwealth v. Thomas, Ky., 282 S.W. 2d 44, this Court decided it was unconstitutional, and that the property had been and was still located in Edmonson County. Shortly after this last decision the property owner paid to Edmonson County taxes amounting to some $14,000 based on the Edmonson County assessments for the years 1948 through 1954. This payment did not include any penalty or interest.

Some question is raised about the right of Edmonson County to collect taxes for the year 1947, but the trial court properly held that the case of Thomas' Ex'x v. Commonwealth, 308 Ky. 695, 215 S.W. 2d 546, determined that question adversely to appellants' contentions.

It is the contention of the Commonwealth and Edmonson County that under KRS 134.020 a *penalty* of 6 percent must be paid on *delinquent taxes,* and that under KRS 133.120 *interest* at 6 percent is payable. Reference is also made to KRS 134.370 which fixes an *interest* rate of 12 percent on *uncollectible* tax claims. None of the foregoing statutes are applicable for the reason that from 1946 through 1954, by reason of the statute and the decision in Thomas' Ex'x v. Commonwealth, 308 Ky. 695, 215 S.W. 2d 546, Edmonson County had no lawful right to assess the property in question. Thus the taxes admittedly now payable for those years were not in any proper sense delinquent, or uncollectible, nor was a question of the *amount* of the assessment under KRS 133.120 involved.

As pointed out by the trial judge, two counties were asserting the right to assess this property. The taxpayer had a right conferred by statute to contest the power of Edmonson County to make the assessment. This was a good faith controversy, and under the circumstances developed in this series of litigation, we cannot say that the taxpayer was in default to the extent that he should be required to pay penalties and interest. To impose this additional liability would be penalizing the taxpayer for exercising his right to appeal from an assessment which under a statute and a decision of this Court was at that time clearly invalid. This was not a case where the taxpayer was militantly obstructing the collection of taxes in the manner considered in Klein v. Jefferson County Board of Tax Com'rs, 242 Ky. 328, 46 S.W.2d 480, and Klein v. Commonwealth, 271 Ky. 756, 113 S.W.2d 20.

We find no error in the judgment.

The judgment is affirmed.