**William D. MEYERS, Director of Finance of the City of Louisville, Appellant,**

v.

**ARCADIA REALTY FOUNDATION, INC., et al., Appellees.**

**ARCADIA REALTY FOUNDATION, INC., et al., Cross-Appellants,**

v.

**William D. MEYERS, Director of Finance of the City of Louisville, Cross-Appellee.**

Court of Appeals of Kentucky.

May 10, 1963.

Francis M. Thompson, Louisville, William T. Baskett, Louisville, amicus curiae, for appellant.

Squire R. Ogden, Louisville, S. L. Greenebaum, Louisville, for appellees.

WADDILL, Commissioner.

This case is a corollary to Arcadia Realty Foundation, Inc. v. Hoenig, Ky., 336 S.W.2d 571, determining (insofar as relative to an understanding of the instant appeal) that certain property located in the City of Louisville and owned separately by Arcadia Realty Foundation, Walton Realty Foundation and Gileen Realty Foundation was not exempt from ad valorem taxes under Section 170 of the Constitution of Kentucky. After a final determination of that case the Foundations filed the instant action seeking a declaration that they were not liable for statutory penalties and interest on the taxes assessed against them during the pendency of the former action. The circuit court adjudged that the Foundations were not required to pay the statutory penalties and interest but were liable for ordinary interest in the amount of 6% on these taxes. The City of Louisville appeals and the Foundations cross-appeal.

The crucial question is whether a court of equity can excuse a taxpayer from paying the penalties and interest imposed by KRS 91.430 upon a determination that the taxpayer believed in good faith that he was not liable for the taxes assessed against him. The City relies upon the general rule which would answer this question in the negative. See 51 Am.Jur., Taxation, Section 975. However, as pointed out by the Foundations, this Court has not accepted this rule but has specifically held that the good faith of the taxpayer could be considered in determining whether he should be relieved of such penalties and interest. Commonwealth v. Thomas, Ky., 298 S.W.2d 302; Commonwealth v. Cincinnati, N. O. & T. P. Ry. Co., 288 Ky. 43, 155 S.W.2d 460, 137 A.L.R. 301. The City attempts to distinguish the cited cases by arguing that the "good faith" rule

is applicable only when the nonpayment of taxes is attributable to inadequacies and imperfections of the taxing system. The opinions of this Court demonstrate that such a limitation on the rule was not intended. Commonwealth v. Thomas, supra; Commonwealth v. Cincinnati, N. O. & T. P. Ry. Co., supra; Cf. Commonwealth v. Southern Pac. Co., 169 Ky. 296, 183 S.W. 925. Consequently, in this jurisdiction, a taxpayer is excused from payment of the penalties and interest imposed by KRS 91.430 when it is judicially determined that he has resisted payment of his taxes in good faith.

It was convincingly shown that the Foundations' reason for not paying their taxes was neither frivolous nor unreasonable and that they acted promptly to have their tax liability determined. Under these circumstances, the circuit court did not err in finding that the Foundations had acted in good faith.

On their cross-appeal the Foundations urge error in assessing 6% interest on each tax bill. The circuit court relied upon Klein v. Jefferson County Board of Tax Com'rs., 242 Ky. 328, 46 S.W.2d 480, wherein we upheld a judgment imposing such interest, stating that "the highway through the court may not be voluntarily traveled to the destination of defeat without the payment of toll, nor may a litigant on his own volition pursue that route without incurring risks." We have no doubt that the imposition of ordinary interest is a reasonable and proper charge for the retention and use of money subsequently determined to be owed the taxing authority. In Commonwealth v. Thomas, supra, relied upon by the Foundations, the court correctly refused to assess ordinary interest because the taxpayer, having paid tax bills issued to him by Hart County, did not have the use of the money later held to be owed to Edmonson County.

The City asserts that the circuit court erred in assessing interest from May 1, the date these taxes became delinquent rather than January 1, the first day they were due

and payable. KRS 91.430. In support thereof the City relies on Klein v. Jefferson County Board of Tax Com'rs., supra, wherein ordinary interest was calculated from December 1, 1925. The statute in effect at that time (Carroll's Statutes, 1922 Edition, Section 4148) made taxes payable on March 1, and delinquent on December 1. That case, as well as logic, supports the circuit court in assessing ordinary interest from the date on which the taxes became delinquent.

The judgment is affirmed on both the direct and the cross-appeal.